## Margaret A. Dock *v.* Susan V. Dock, Appellant.

*Evidence—Production of papers—Forgery—Discovery—Equity.*

Where there is an issue either direct or collateral on the forgery of
papers, courts of either equity or law will compel their production for
inspection in advance of trial.

A party to an action at law may, before trial, maintain a bill for dis-
covery of letters relied on by the other party to the suit and alleged to have
been written by the plaintiff in the bill, but which said plaintiff alleges are
forgeries.

The production of private writings in which another person has an
interest may be had by a bill of discovery in proper cases, or in trials at
law by a writ of subpœna duces tecum.   The courts of common law may
also make an order for the inspection of writing in the possession of one
party to a suit in favor of the other.   Such order may also be obtained by

the defendant on a special case such as if there is reason to suspect that the document is forged, and the defendant wishes that it may be seen by himself and his witnesses.

If a party is entitled to the production of a deed or other document as being applicable to his case, his right to such discovery will not be affected by the circumstance that the same document is evidence for the other party's case also.

*Letters—Property in letters—Writings.*

Letters written by one person to another are the latter's property, and he has a right not only to have them produced for use in litigation, but delivered up to him as the true owner.

A writer of letters has a special property in them to prevent their publication or communication to other persons for use for any illegal purpose by the party wrongfully in possession of them.

A bill in equity charged that the defendant surreptitiously and illegally took from the trunk of plaintiff's son and from plaintiff's own bureau certain letters written by plaintiff to her son, and by her son to her. *Held*, that the special right in the letters written by plaintiff was one that could only be adequately protected in equity, and that the court having jurisdiction for discovery should go on and order all the letters to be restored.

Argued Jan. 5, 1897. Appeal, No. 197, Jan. T., 1896, by defendant, from decree of C. P. No. 1, Phila. Co., June T., 1893, No. 122, sustaining demurrer to bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for discovery and general relief.

June 17, 1895, plaintiff filed her bill which was as follows:

Susan V. Dock, of the city of Philadelphia, widow, brings this her bill against Margaret A. Dock, and thereupon your oratrix complains and says:

1. That on 3d day of June, A. D. 1893, the said Margaret A. Dock caused a summons in trespass to be issued out of this honorable court against the plaintiff in this bill, Susan V. Dock. Under a rule entered by this plaintiff, Susan V. Dock, on the said Margaret A. Dock, to declare in fifteen days or judgment, the said Margaret A. Dock filed in this court, June 20, 1893, a statement wherein she falsely charged the plaintiff herein, Susan V. Dock, with alienating from the said Margaret A. Dock the affections of Herman Dock, the husband of said Margaret and the son of this plaintiff, Susan V. Dock. A true copy of said false statement is hereto attached as part hereof, marked "Exhibit A."

2. On the 22d day of June, 1893, this plaintiff filed her plea of not guilty to said false statement, so that said case is now at issue and pending in this court. All which, by reference to the records of this honorable court to June term, 1893, No. 122, will more fully appear.

3. That the said Margaret A. Dock well knew when she filed said statement that the same was in respect to all its material allegations wholly untrue. And especially Margaret A. Dock then well knew and now well knows—(*a*) that this plaintiff never contrived "to injure" said Margaret in the manner falsely set forth in said statement or otherwise: (*b*) that this plaintiff never made any representations against said Margaret of the kind falsely set forth in said statement or otherwise: (*c*) that this plaintiff never poisoned or attempted to poison the mind of said Margaret's husband against said Margaret in the manner falsely set forth in said statement or otherwise: (*d*) that this plaintiff never committed any of the malicious acts and never uttered any of the slanders falsely charged against her in said statement: (*e*) that all and every the averments, charges, and insinuations in said statement contained against this plaintiff are absolutely false.

4. The said Margaret A. Dock further falsely charges that this plaintiff, Susan V. Dock, wrote letters to her said son, Herman Dock, and that Herman Dock wrote letters to this plaintiff, Susan V. Dock, containing statements which support the false allegations of said statement. And said Margaret A. Dock alleges that the following are the dates of said letters from this plaintiff, Susan V. Dock, to her son, Herman Dock viz. : . . . .

5. That the said Margaret A. Dock claims to have abstracted original letters of the dates above stated from the trunk of her husband, the said Herman Dock, and from the bureau of this plaintiff, Susan V. Dock. And the said Margaret A. Dock further claims that she took copies of said letters and then returned all of them to the places from which she had abstracted them.

6. The said Margaret A. Dock claims to have now in her possession or under her control the said copies of said abstracted letters, and that the same contain matters which sustain he said false statement.

7. But the plaintiff charges that she never wrote any letters of the kind alleged by said Margaret A. Dock; and plaintiff's son, Herman Dock, never sent to plaintiff, the said Susan V. Dock, any letters of the kind alleged by said Margaret A. Dock; nor did either the plaintiff or her said son write to each other any letters which would sustain in any manner the false allegations of said statement.

8. And the plaintiff charges that if the said papers now held by said Margaret A. Dock, and called by her copies of original letters between Susan V. Dock and Herman Dock, contain any matters which sustain the false allegations of said statement, said papers are not true copies of any letters between plaintiff and Herman Dock, but the same have been fabricated for the purpose of manufacturing evidence in this case.

9. The plaintiff, Susan V. Dock, charges that the said Margaret A. Dock did, some time in the summer or in the latter part of the year 1892, illegally and wickedly take and carry away from the trunk or some other private receptacle of her husband, Herman Dock, and from the bureau of this plaintiff, in their dwelling house in this city, a number of letters written by the mother, Susan V. Dock, to the son, Herman Dock, and by him to his said mother, the dates and contents whereof, save as to seven of the same, hereinafter mentioned, this plaintiff cannot remember.

And the said Margaret A. Dock having so illegally and wickedly taken said letters, afterwards, at a time unknown to this plaintiff, returned said seven letters to the house of the plaintiff, Susan V. Dock. The letters so returned being, all of them, letters written by Herman Dock, addressed to this plaintiff, Susan V. Dock, and being dated. . . .

And the said Margaret A Dock illegally kept the balance of said letters, wrote false copies thereof, and with the view of preventing the discovery of the falsity of said copies, she destroyed or secreted the originals.

10. The said Margaret A. Dock, in the manner and by the means aforesaid, manufactured papers to use them as evidence in support of her said false statement, her purpose being, as developed when the case was on the trial list, to notify the said Susan V. Dock to produce the abstracted letters, and when this plaintiff could not produce them, to offer the false copies as if

the same were true copies, and thus secure the introduction of the testimony manufactured by her as aforesaid.

All which acts, doings, and pretenses are contrary to equity and to good conscience ; and the plaintiff needs discovery of the same, and cannot go safely to trial without such discovery. And the plaintiff charges that said facts are material and pertinent to the issue, and that a discovery thereof is necessary.

Wherefore the plaintiff needs equitable relief, and she prays— (1) that the said Margaret A. Dock be ordered to restore all of the letters abstracted and retained by her, as aforesaid; (2) that the said Margaret A. Dock be ordered to deliver up the false papers she has manufactured for the purpose of making evidence in this case, to wit, the papers she calls copies of the aforesaid letters; (3) that the said Margaret A. Dock may, upon her oath, to the best and utmost of her knowledge, remembrance, information and belief, full, true, and perfect answers make to all and singular the premises, and that as fully and particularly as if here specially interrogated thereto ; and that she may in like manner answer the interrogatories filed herewith; (4) that she be further ordered to make full discovery of all the matters aforesaid; (5) that pending this bill the said Margaret A. Dock be specially, and on final hearing perpetually enjoined from detaining any of said original letters, setting up any false copies thereof, and from further proceeding with her said suit against the said Susan V. Dock; (6) general relief.

Defendant demurred for the following reasons:

1. Because it does not appear in and by said bill that the matters therein alleged are material and pertinent to the issue in the action at law brought against said complainant, or that discovery thereof is necessary therein. 2. Because the said complainant has a full and adequate remedy at law for all and every the matters complained of. 3. Because the statements and averments of said bill are indefinite, uncertain, and insufficient, and do not, for anything therein contained, warrant the interposition of this court as prayed. 4. Because it is within the power of complainant to detect and fully expose at the trial of the said action at law the fabricated and spurious character of any papers purporting to be copies of letters written by her to her son Herman Dock, and by him to her, if such papers are fabricated and spurious, immediately upon their production,

and in such event they would not be admissible in evidence, and could not be used in any way or manner to her detriment. 5. Because it is entirely within the power of the court on the trial of the said action at law, and at all times, to protect complainant from the use of any such alleged false and fabricated writings. 6. Because, although it appears in and by said bill of complaint that complainant has been notified in writing that she would be required to produce on the trial of said action at law letters written by her to her son Herman Dock, and by him to her, the dates of which are mentioned in said notice, and are the same as those set forth in said bill, yet she does not aver or say that she and he never wrote such letters, or that they are not in her possession or under her control, or that she cannot produce them on the trial of the said action in obedience to such notice. 7. Because it is not stated and does not appear in and by said bill how or in what manner, or when, or where, this defendant has made the alleged false charges averred in the fourth paragraph of said bill, and there is not anything contained in her statement of claim filed in her said action at law against complainant that justifies this averment, or the assertion that this defendant at any time, or in any way or manner, made any such claim as to the character or contents of the letters therein referred to. 8. Because it appears in and by said bill that complainant has not used due diligence in presenting her supposed claim for equitable relief, inasmuch as the said action at law has been at issue since June 22, 1893, and all the alleged facts and matters averred and stated in said bill have been since fully within her knowledge and possession. 9. Because the statements and averments of the said bill are false, malicious, scandalous, and defamatory.

The court without filing an opinion sustained the demurrer.

*Error assigned* was decree sustaining demurrer.

*F. Carroll Brewster*, for appellant.—The appellant had no adequate remedy at law for the matters complained of, since no remedy at law gives a discovery or a return of stolen letters. This is not a case in which certain papers and documents are required at the trial. If this were true, the fact would not oust the remedy in equity, which permits the production in

advance of the trial, and inspection of the writings: Reed v. Stevenson, 6 W. N. C. 173. The discovery in this case is for copies which it is claimed are false, and the bill alleges that the defendant in the bill has destroyed or secreted the original letters: Bassford v. Blakesley, 6 Beavan, 131; Jackson v. Jones, 3 Cowen, 17; 1 Greenleaf, sec. 559. The bill is not merely for discovery, but also for relief. It distinctly charges a wrong of which equity has a peculiar cognizance: Pusey v. Pusey, 1 Vern. 273; Duke of Somerset v. Cookson, 3 P. Wms. 389; Saville v. Tancred, 1 Ves. Sr. 101; Earl of Macclesfield v. Davis, 3 V. & B. 16; Fells v. Read, 3 Ves. 71, 2 Daniel's Ch. Prac. 1647.

If, then, the letters of the mother (the appellant) to her son are her property even as against her son, how strong must be her title as against a stranger and a trespasser: McGowin v. Remington, 12 Pa. 56.

The demurrer must rely solely upon the averments of the bill. If it travel beyond this, it is called a speaking demurrer, and it will be overruled: Edsell v. Buchanan, 4 Bro. Ch. Cases, 254.

If the bill contain scandal, the proper practice is to file exceptions. A demurrer will not lie. But the present bill is not scandalous: Fenhoulet v. Passavant, 2 Ves. Sr. 24; Lord St. John v. Lady St. John, 11 Ves. 526; Earl of Portsmouth v. Fellows, 5 Maddock, 450.

*R. O. Moon,* with him *George W. Harkins,* for appellee.— Bills of discovery in aid of a suit at law have, by reason of the statutory enactments permitting parties to a common law action to be called as witnesses, either in their own behalf, or as for cross-examination, almost become obsolete; while the common law rule which forbade parties being witnesses prevailed, and while the inconvenience consequent thereon existed, such bills were properly resorted to, and an appeal to defendant's conscience became a usual mode of equitable relief. But it was at the very outset decided that they could not be entertained in order to aid proceedings in a court which could by its own methods of procedure attain the same result: Bispham's Equity, 559; Phillips v. Kern, 6 Phila. 9; Twells v. Costen, 1 Parsons, 378; Collin v. Francis, 1 Parsons, 533; Hurd v. Dutchess

County Bank, 1 Morris, 291; Mitford & Tyler's Pr. & Pl. in Eq., 282; Stacy v. Pearson, 3 Rich. Eq. (S. Car.) 148; Norwich & Worcester R. R. v. O'Brien, 17 Conn. 372; Waldron v. Bayard, 1 Phila. 484; 6 Am. & Eng. Ency. (tit. Eq. Pl.) 788; 1 Daniels' Ch. Pl. & Pr., 613; Hughes' Eq. Draftsman, 622; Shaffer v. Kinkelin, 1 Phila. R. 465; Dull v. Amies, 2 M. 134; Peebles v. Boggs, 8 Leg. Int. 30; Brightly's Eq., 479.

OPINION BY MR. JUSTICE MITCHELL, January 25, 1897:

The reasons assigned in support of the demurrer are wholly insufficient.

The remedy at law is neither convenient nor adequate. The bill is first for discovery in aid of a defense to the suit. Under the act of 1798 the appellant might have had a rule to produce at the trial such letters and alleged copies as appellant could specify with reasonable precision beforehand, but the bill avers that she had in fact written no such letters as appellee charged, and the contents of the alleged copies were therefore entirely unknown to her. The effect of deferring the production of such papers until the trial would be to complicate the issue in the suit by a collateral issue on the forgery or genuineness of these letters. Such a double issue could not be tried before the same jury without putting the appellant to the manifest disadvantage of having evidence sprung upon her which she could not by any care prepare in advance to meet. Where there is an issue either direct or collateral on the forgery of papers, it is the constant practice even of courts of law to compel their production for inspection in advance of trial. "The production of private writings, in which another person has an interest, may be had either by a bill of discovery in proper cases, or in trials at law by a writ of subpœna duces tecum, directed to the person who has them in his possession. The courts of common law may also make an order for the inspection of writings in the possession of one party to a suit in favor of the other. . . . Such order may also be obtained by the defendant on a special case; such as, if there is reason to suspect that the document is forged, and the defendant wishes that it may be seen by himself and his witnesses:" Greenleaf on Evidence, sec. 559; and see Story's Equity Pleadings, sec. 859. And the fact that they are evi-

dence for the other side does not prevent. " If a plaintiff is entitled to the production of a deed or other document as being applicable to his case, his right to such discovery will not be affected by the circumstance that the same document is evidence of the defendant's case also: " Bispham on Equity, sec. 561. As a mere bill of discovery therefore the bill is maintainable.

But the bill is for much more than discovery. It is for substantial relief. It charges that the defendant surreptitiously and illegally took from the trunk of appellant's son, and from appellant's own bureau, certain letters written by appellant to her son and by her son to her. The letters written by the son to appellant are the latter's property, and she has a right not only to have them produced but delivered up to her as the true owner. In the letters written by her to her son she has a special property to prevent their publication or communication to other persons, or use for any illegal purpose by the party wrongfully in possession of them. The special right in these letters is one that can only be adequately protected in equity, and the court having acquired jurisdiction for any part of the substantial relief sought will go on and administer full relief as to all the matters in the bill, both the letters and the alleged copies: Bispham's Eq., 566.

Decree reversed, demurrer overruled, and defendant ordered to answer.