## CONNELLY v. UNITED STATES.

(District Court, N. D. New York. August 4, 1921.)

Criminal law ⏤395—Intoxicating liquors ⏤249, 255—Liquor cannot be seized without warrant, and where unlawfully seized is not admissible in evidence and must be returned to owner.

The fact that prohibition agents had evidence of the sale of intoxicating liquors in a private dwelling did not legalize their search of the dwelling without first obtaining a search warrant as required by National Prohibition Act, tit. 2, § 25, and liquor unlawfully seized therein is not admissible in evidence in a prosecution against the owner, and will be ordered returned on motion.

Criminal prosecution by the United States against Sarah Connelly. On petition of defendant for return of liquors. Granted.

Richard P. Byrne, of Syracuse, N. Y., for petitioner.
Clarence E. Williams, U. S. Atty., of Utica, N. Y.

COOPER, District Judge. Petition is made for the return of certain intoxicating liquors taken from the possession of the petitioner, Sarah Connelly, at Syracuse, N. Y., by two prohibition enforcement agents.

The premises from which the liquors were taken was a private dwelling house occupied by the petitioner. The agents went into this house of the petitioner without a search warrant and seized these liquors, of which there was a large quantity. The contention of the agents is that they observed one Cameron coming out of the petitioner's house, and upon questioning and searching him they were informed that the petitioner had sold him some liquor. The agents had been secreted across the street from the petitioner's house and had seen Cameron enter and shortly thereafter leave the petitioner's house.

After searching Cameron and finding the liquor on his person, they went into the petitioner's house and seized the liquors in question.

Manifestly it was in utter disregard of the constitutional rights of the petitioner to enter her private dwelling house without a search warrant and seize these liquors.

The Fourth Amendment reads:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

That part of the Fifth Amendment essential to this controversy is as follows:

"No person ⸱⸱ * *  shall be compelled in any criminal case to be a witness against himself."

Under section 25 of the National Prohibition Enforcement Act, it is provided that no search warrant shall issue to search any private dwelling occupied exclusively as such unless an unlawful sale has been made therein, in which case there would be the probable cause required by the Constitution for the issuance of a search warrant by a duly authorized officer empowered to issue the same. Had the agents in this case laid whatever information they were able to secure from Cameron before such officer, and secured the warrant, they would have performed their work as it should have been performed. Violations, if any, could then properly be checked. Under the circumstances as they now exist, it is unfortunate that evidence illegally seized cannot be used to secure the conviction for wrongdoing, if wrongdoing there was.

The provisions of the Fourth and Fifth Amendments were adopted with the thought uppermost that they would safeguard the rights and liberties of the people against the encroachment of unlawful or arbitrary power. They are now too firmly entrenched in our system of jurisprudence to require any justification for their existence.

In Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, it was held that the seizure or compulsory production of a man's private papers to be used in evidence against him is equivalent to compelling him to be a witness against himself, and, in a prosecution for crime, penalty, or forfeiture, is equally within the prohibition of the Fifth Amendment.

In Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, which followed and extended the doctrine laid down in the Boyd Case, it appeared that the United States marshal without a search warrant entered the private dwelling of the defendant and seized the papers which incriminated him. It was there held that he acted without sanction of law, doubtless prompted by the desire to bring further proof to the aid of the government and under color of his office, but that he undertook to make a seizure of private papers in direct violation of the constitutional provisions against such action, and their restoration was compelled.

More recent cases upon this subject are: Silverthorne Lumber Co.

v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, holding that the rights of a corporation against unlawful searches and seizures are to be protected, even if the same results might have been achieved in a lawful way; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. ——, delivered February 28, 1921, holding that the Fourth and Fifth Amendments should receive a liberal construction so as to prevent stealthy encroachment upon or "gradual depreciation" of the rights secured by them, by imperceptible practice of courts or by well-intentioned, but mistakenly over-zealous, executive officers, that papers so secured cannot be used, and that it makes no difference whether they have pecuniary value or not.

The contention of the government is that, although the seizure may be unlawful, yet intoxicating liquors are contraband, and under no circumstances should they be returned, even though it is impossible to use them as evidence against the accused. The mere possession of intoxicating liquors in a private dwelling house, if acquired before the date when the Volstead Act took effect, is not unlawful. National Prohibition Enforcement Act, § 33; Street v. Lincoln Safe Deposit Co., 255 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. ——. There is nothing to indicate when the liquor was acquired, and, as was stated in the Street Case by Mr. Justice Clarke:

"An intention to confiscate private property, even in intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for their operation in effecting a purpose clearly indicated and declared."

If the seized property could not possibly be lawfully in the possession of the accused, such as an illicit still (United States v. Rykowski [D. C.] 267 Fed. 866), stolen goods, smuggled goods, implements of crime (Haywood v. United States [C. C. A.] 268 Fed. 795, 803), and the like, then resistance to a motion to impound would be of little avail. However, the government cannot call upon the accused to explain the possession under the provisions of section 33 of the Volstead Act under the circumstances of this case, and, as the possession may be upon an hypothesis just as consistent with innocence as it would be with guilt, a forfeiture should not result. The property unlawfully taken from the possession of the petitioner without a search warrant must be restored.

The motion for restoration is granted, and the counter motion to impound is denied. An order may be entered accordingly.