## REYFF et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. November 3, 1924.)

### No. 4227.

1. **Intoxicating liquors ⬚⬚255—Defendant not entitled to return of liquor seized.**

Where defendant, while in an automobile, sold and received payment for liquor, which he stated was in the back of the car, and by direction of the purchaser drove to a garage to deliver it, where he was arrested and the liquor seized, title to the liquor had passed to the purchaser, and defendant was not entitled to an order for its return.

2. **Criminal law ⬚⬚395—Liquor seized without a warrant, but while being unlawfully transported by defendant, held admissible in evidence.**

Where defendant made a sale of liquor, which he was transporting in an automobile, of which sale prohibition agents had knowledge, they were authorized, under Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), to seize the liquor, and it was admissible in evidence against defendant in a prosecution for unlawful transportation.

3. **Criminal law ⬚⬚37—Sending person to buy liquor from suspected seller held not entrapment.**

Where prohibition agents had evidence that defendant was engaged in unlawful sale of liquor, the sending of a third person to him to buy liquor did not constitute an entrapment.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Wm. P. James, Judge.

Criminal prosecution by the United States against Louis H. Reyff, E. W. Frederick, and Harry Bigby. Judgment of conviction, and defendants bring error. Affirmed.

Edward A. O'Dea, of San Francisco, Cal., and R. G. Retallick, of Fresno, Cal., for appellants.

Joseph C. Burke, U. S. Atty., Mark L. Herron, Asst. U. S. Atty., and John R. Layng, Sp. Asst. U. S. Atty., all of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under an indictment which charged them with selling intoxicating liquors, with the unlawful possession of intoxicating liquors, and the unlawful transportation thereof.

At the instance of certain prohibition agents, one Kettle undertook to purchase certain intoxicating liquors, and arranged to have the delivery thereof made to him at a designated time and place. One of the agents furnished Kettle with $100 in bills. At the time and place fixed in the agree-

*Rehearing denied January 5, 1925.

ment, Kettle saw the defendants Reyff and Frederick, seated in the latter's automobile. He asked Frederick if he had the liquor there, and the latter replied: "Yes; it is in the rear of the car." Kettle directed Frederick to drive around to the garage, and said: "We will take it out there." Kettle counted out $100 and gave it to Frederick. When the car entered the garage, prohibition agents arrested Kettle and the defendants Reyff and Frederick. One of the agents asked Frederick where the case of liquor was, but he denied that he had any liquor. The rear compartment of the car was opened, and therefrom a sack containing the liquors was taken, which was introduced in evidence on the trial of the case. The defendant Frederick made timely application for the restoration to him of the liquor so taken, claiming it to be his own property, and that it had been unlawfully taken from his possession.

[1] The ruling of the court in denying the application for the return of the liquor and in admitting it in evidence is assigned as error. On behalf of the defendant Frederick it is contended that the liquor was his, that title had not passed to Kettle, and that the seizure thereof, without a search warrant, was made without authority of law. At the time when the automobile entered the garage the negotiations between Kettle and the defendants were no longer in the class of mere executory agreements. They had resulted in a sale whereby the right and title to the liquor had passed to the purchaser. The terms had been agreed upon and complied with. The purchase money had been paid, and nothing remained to be done but to deliver the property at the place agreed upon, and the property had been brought to that place, to be taken out of the automobile and placed upon the floor of the garage. Hammer v. United States, 249 F. 336, 161 C. C. A. 344; Hatch v. Oil Co., 100 U. S. 124, 131, 25 L. Ed. 554; Hurwitz v. United States (C. C. A.) 299 F. 449.

[2] It may be conceded that the mere fact that the liquor was not the property of the defendant Frederick would not be determinative of the question of its admissibility in evidence, if the case were not one in which liquor had been taken from his dwelling without the aid of a search warrant. But the statute applicable here is section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), which provides: "When the commissioner, his assistants, inspectors, or

any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

Here, although the officers had not seen the liquor, they had knowledge that the defendants were in the act of transporting the same contrary to law. They were aware of the contract which Kettle had made for the purchase of the liquor. Before they seized it, they had obtained possession of the money that Frederick had received from Kettle, and upon his arrest had dropped upon the garage floor, and they had been informed by Kettle that the liquor was in the rear of the car. All the circumstances indicated to the officers that the car had been brought into the garage for the purpose of delivering the liquor as prearranged.

A case in point is Ash v. United States (C. C. A.) 299 F. 277, where it was held that an officer may, if facts and circumstances patent to him are such as would reasonably lead him to believe that the law was being violated by unlawful transportation of intoxicating liquor, search an automobile, and seize the liquor, and arrest the person transporting the same, without a search warrant. Of like import is Milam v. United States (C. C. A.) 296 F. 629. So in Voorhies v. United States (C. C. A.) 299 F. 275, it was held that liquor will not be ordered returned, in the absence of a showing that defendant's possession thereof was lawful. There was no evidence to indicate, and no pretense was made in the present case, that the possession of the liquor by Frederick was lawful.

[3] No merit is found in the contention that the defendants were entrapped into the commission of an offense which otherwise they would not have committed. There is nothing in the case to indicate that the officers of the government resorted to a device to induce innocent men to commit a crime. The officers had before them evidence that the defendant Bigby had the disposition to violate the law and was engaged in unlawfully selling intoxicating liquors. They had evidence that he had theretofore sold liquor to Kettle. All that they did was to induce Kettle to purchase more liquor from Bigby. The case does not come within the decisions of this and other courts wherein entrapment has been defined.

The judgment is affirmed.