## BERKELHAMMER v. POTTER et al.

## KIRSCH v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
January 18, 1928.

Nos. 2109, 2139.

*Intoxicating liquors* ⇐256—On finding petitioner owned liquor seized and that seizure was illegal court should order return without conditions.

A cargo of alcohol, loaded on a vessel for export, was seized by prohibition agents. No criminal prosecution was commenced, or proceeding for forfeiture of the alcohol. On petition of claimant, the court found that he was the legal owner of the alcohol and that it was unlawfully seized, and ordered its return, but imposed certain conditions, which claimant did not comply with. Thereafter, on order of the court, the prohibition authorities sold a part of the alcohol and destroyed the remainder. *Held* that, on the finding that claimant was the legal owner of the alcohol and the seizure unlawful, the only order the court had authority to make was for its return, that the provision imposing conditions was a nullity, and afforded no basis for a subsequent decree of forfeiture, or for sale or destruction of the seized property.

Appeals from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Petition of Jacob A. Kirsch against the United States and Elmer C. Potter, Prohibition Director, with Jacob Berkelhammer intervening. From orders of the District Court, petitioner and intervener separately appeal. Reversed and remanded, with instructions.

William H. Lewis, of Boston, Mass. (Matthew L. McGrath and Isidore H. Fox, both of Boston, Mass., on the brief), for appellant Berkelhammer.

John F. Myron, of Boston, Mass. (Innes, Cottrell & Myron, of Boston, Mass., on the brief), for appellant Kirsch.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. As these two cases grow out of the same subject-matter, they may be treated in one opinion.

They are before us upon an agreed statement of facts, which is in substance as follows:

Jacob A. Kirsh, sometimes called Jacob A. Kirsch, of New York, on or about the 12th day of July, 1921, was the legal owner of the steamship Tyburton and her cargo of 250 drums of alcohol, which cleared the port of New York with her cargo for Monrovia, Liberia, and called at the port of Boston, making an entry at the custom house to take on additional cargo. Prohibition Director Potter, through his agents, on July 13, 1921, seized the cargo of the vessel, amounting to 37,364.4 proof gallons of alcohol. On October 31, 1921, Kirsch filed a petition for the return of the alcohol. No criminal prosecution was commenced against anybody in connection with the seizure of this cargo, nor forfeiture proceedings against the alcohol seized. On March 6, 1923, the District Court ordered the alcohol to be returned to the petitioner Jacob A. Kirsch, but on March 13, 1923, this order was revoked, and upon March 19, 1923, the following order was made:

"This cause came on to be heard at this present December term of this court, and, the respondent not objecting, the court finds that certain alcohol, viz. 250 drums of alcohol, as set forth in an amended petition on file in said court, were on the 13th day of

July, 1921, lawfully held and possessed by the petitioner, and that said alcohol was on said 13th day of July, 1921, wrongfully and unlawfully seized by officers of the United States; and it is now, to wit, March 19, 1923, ordered that said alcohol now in the possession of Elmer C. Potter, prohibition director for the district of Massachusetts, be returned or delivered to Jacob A. Kirsch, petitioner, as prayed for in said petition, upon the said petitioner exhibiting to said Potter satisfactory evidence that all legal taxes upon said alcohol have been paid, or giving to said Potter and to the collector of internal revenue satisfactory assurance in the usual form that said alcohol will be exported, it being understood that, if the said alcohol is not to be exported, it will be subject to the same tax as on alcohol sold in this country."

On June 18, 1925, a motion was filed by the United States attorney, stating that the conditions of the order of March 19, 1923, had not been complied with, and that the government had been put to great expense for storage of said alcohol, and praying that Kirsch lose all right to the same and be perpetually enjoined from claiming it from the United States, or any of its officers or agents, if he did not comply with the conditions of the order of March 19, 1923, within 10 days.

On June 29, 1925, this motion was granted by the District Court, and the alcohol ordered forfeited and destroyed by the United States marshal. No appeal from the allowance of this motion was taken until December 29, 1925.

On July 14, 1923, Jacob Berkelhammer filed in the superior court for Suffolk county a bill in equity against Jacob A. Kirsch, Milton H. Balch, and Elmer C. Potter, setting forth that he had loaned Kirsch the sum of $18,400, that Potter had possession of 250 drums of alcohol, the property of Kirsch, and that an order had been entered for the delivery of said alcohol to Kirsch. In this bill it was sought to reach said alcohol to respond to any judgment that the plaintiff might recover. A temporary injunction against the destruction of said alcohol by Potter was denied, and the bill was dismissed as to him.

On July 28, 1925, counsel for Berkelhammer brought to the attention of the District Court the pendency of his bill in the superior court of Suffolk county and asked that the alcohol be sold to legal permittees. The court then modified its former order and ordered part of the alcohol sold to legal permittees.

On September 10, 1925, a return was filed by the United States marshal showing the destruction of 132 drums of alcohol and the sale of 117 drums, containing 11,636 gallons, for $49,453, and on said date Jacob Berkelhammer asked leave to intervene and file a petition to be allowed $16,400, with interest, out of the proceeds of said sale. He was granted leave to do so.

On January 12, 1926, he obtained judgment in the superior court of Suffolk county against Jacob A. Kirsch for $19,059.53, and then amended his petition to include a statement to this effect.

His petition was denied on September 28, 1926, the court making the following statement in its order:

"On March 19, 1923, this court gave Kirsch the right to withdraw the liquor for export on showing satisfactory evidence that the taxes had been paid. This he did not do, and the liquor was sold. Kirsch forfeited his right to the liquor by not obeying the order of the court. As the petitioner's claim depends on his debtor's title, the petition must fail. Petition denied."

From this order Berkelhammer appealed October 9, 1926.

On February 19, 1926, Kirsch filed a petition in which he prayed "that the court order the said $49,603, or whatever the sum may be now in the hands of the clerk of the District Court of the Massachusetts district, the same being proceeds of the sale of the petitioner's alcohol, be turned over forthwith to the said petitioner."

This petition was denied October 6, 1926, and a final decree entered February 14, 1927, from which Kirsch appealed May 9, 1927.

The assignments of error of both appellants assail the order of the District Court of March 19, 1923, which, after it had found the appellant Kirsch, as petitioner for the return of the property seized, to have been the lawful owner and in lawful possession of the alcohol, and that it had been wrongfully and unlawfully seized by officers of the United States, and ordered it returned to the petitioner, had annexed as a condition of its return that the petitioner should exhibit to the prohibition enforcement officer satisfactory evidence that all legal taxes upon said alcohol had been paid, and give to him and to the collector of internal revenue satisfactory assurance in the usual form that said alcohol would be exported, it being understood that if the said alcohol was not to be exported it would be subject to the same tax as on alcohol sold in this country; also that the court erred in holding that Kirsch had forfeited his right to the alcohol by not obey-

ing the order of the court; that the court erred in finding and holding that Kirsch was not entitled to the proceeds of the sale of the alcohol; that the said alcohol was legally sold and disposed of under an order of the court; and that the petitioner was not entitled to the funds now in the hands of its clerk. The appellant Berkelhammer also assigns as error that the court erred in holding that he was not entitled to have his execution satisfied out of this fund.

It is claimed by the government that Kirsch, by his failure to comply with the order of June 29, 1925, lost "all right, title, and interest in the said alcohol," and was by said order "perpetually enjoined from claiming the same from the United States or any of its officers or agents"; that Kirsch did not seasonably appeal from this order, and that on February 19, 1926, the date of his petition, the United States was not in possession of goods or funds in which Kirsch possessed property rights; that the order of June 29, 1925, amounted to a forfeiture to the United States, and Kirsch passively acquiesced in it.

When the petition for a return of the property seized was filed by Kirsch soon after its seizure the court had before it the determination of two questions: First, whether he was the owner and in lawful possession of the alcohol at the time of the seizure; and, second, whether it had been lawfully seized. Both of these questions were decided by the court in favor of Kirsch, and the only disposition of the alcohol which the court could make was to order its return to the petitioner. There is no provision in the National Prohibition Act (27 USCA) which authorized the court to annex any conditions to the order for return, and our attention has been called to no decided case in which it has been held that the court has such authority.

We are not confronted with the question which some courts have found troublesome, which is whether the burden was upon the claimant to show lawful possession where the liquors were seized as contraband, because the court found that the possession of the claimant was lawful; and, having further found that the seizure was unlawful, the only course open to the court was to order the return of the property to the one from whose legal possession it had been unlawfully taken.

The condition which was annexed to the return of the property was a mere nullity and no claim of forfeiture could be grounded upon the failure to comply with it. The order, therefore, of June 29, 1925, had no basis upon which to rest, nor could any forfeiture be decreed for the failure of the petitioner to comply with it. The property should have been returned at once to the petitioner when the court became satisfied that he was its owner and in lawful possession of it, and that it had been unlawfully seized. The right of the petitioner was no less because the property which he claimed was intoxicating liquor than it would have been if it had been any merchandise of which he had been deprived by an unlawful seizure.

No criminal action was instituted against any one, and no libel for forfeiture filed. In seeming disregard of the constitutional rights of the petitioner, and of all law, the property of the claimant was held more than four years before any action was taken by the government in regard to this illegally seized liquor, and then a motion was filed to compel the claimant to comply within 10 days with an unauthorized order of the court, which was a mere nullity, under the penalty of losing his property and being enjoined from making any claim for it upon any officer or agent of the United States. There was no ground, therefore, for the decree of forfeiture, or destruction or sale of the property seized.

Because no appeal was taken within the statutory time from the decree of the court authorizing the destruction on the ground that the claimant had failed to comply with the order of the court, it is claimed by the government that the claimant lost all right, title, and interest in his property and in the proceeds derived from its sale. This cannot be so, if the condititon annexed to the order for return was a nullity.

The District Court now has, in the hands of its clerk, the amount received from the sale of the alcohol, less what has been paid for storage and other incidental expenses.

We are not called upon to decide whether these charges should be borne by Kirsch, because in his petition he has prayed that "whatever the sum may be now in the hands of the clerk" be turned over to him.

By a stipulation filed in the District Court, a copy of which has also been filed in this court, Kirsch and Berkelhammer have agreed that the sum of $16,400, with interest thereon at 6 per cent. per annum from April 6, 1923, may be paid to Berkelhammer in case it should be decided that the petition of Kirsch should be granted.

In both 2109 and 2139 the order of the District Court is reversed, and the action is returned to that court, with instructions to pay to Berkelhammer from the money in its possession the sum of $16,400, with interest

at 6 per cent. per annum from April 6, 1923, and to Kirsch the balance of said money, without costs to either party.