## In re HERTER.

### HERTER v. UNITED STATES et al.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5752.

Lester H. Loble and Hugh R. Adair, both of Helena, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. On August 1, 1928, appellant filed with the clerk of the court below a petition for the return to him of certain articles of personal property which he alleged had been unlawfully taken from his possession, in his home, by prohibition agents acting under the authority of a search warrant issued by a United States commissioner of the district. The property consisted of 456 quarts of beer, 3 quarts of wine, ¼ pint of whisky, and divers vessels or containers, materials, and other small articles which are susceptible to use in the manufacture, possession, or sale of intoxicating liquors, but are more or less commonly used for legitimate purposes, such as a copper boiler, copper buckets, steins, etc. No proceedings, either civil or criminal, were pending when the petition was filed based upon or relating to his possession or use thereof, nor had one ever been commenced, and the property was, and at all times subsequently to its seizure had been, in the custody of one Jackson, prohibition director for Montana. With his petition appellant exhibited copies of the application for the search warrant with supporting affidavits, the search warrant, and the return of the officers executing the same. From these exhibits it appears that the warrant was issued on May 17, 1928, was executed two days later, and the articles seized were as described in the petition. The petitioner also shows that some time in the same month the commissioner returned and filed in the court below the original warrant together with the pertinent record as required by law. 18 USCA § 627. The petition was verified by the petitioner and was supported by his affidavit somewhat more elaborately setting forth what he contends to be the facts and challenging some of the statements in the two affidavits supporting the application for the search warrant. Without further evidence or showing, either upon the part of the petitioner or the government officers, the mat-

ter was submitted to the court below on January 7, 1929, and on February 14, 1929, the court entered an order denying the petition. From this order the petitioner appeals.

The first question, one which was not raised in or considered by the court below, is whether upon the facts stated the court had the power or jurisdiction to entertain the petition. Though as prohibition director Jackson is not an officer of the court, the question presents an aspect materially different from that recently considered by us in Applybe and Snyder v. United States (C. C. A. No. 5779, decision filed May 27, 1929). 32 F.(2d) 873. There the property had been seized and was held without authority of a search warrant or other judicial process, and we held that under such circumstances an independent, summary proceeding, such as this, can be maintained only where the property is in the custody or under the control of a court officer. But, as recognized in the Cogen Case, 278 U. S. 221, 228, 49 S. Ct. 118, 73 L. Ed. ——, where property has been seized under and is held by virtue of a search warrant, the courts are invested with and are under the duty to exercise the power appropriately to dispose of it. By section 25 of title 2 of the National Prohibition Act (41 Stat. 315, 27 USCA § 39), search warrants are authorized, with the provision that: "Such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order." In entertaining the petition, therefore, we are of the opinion the court was in the exercise of the jurisdiction thus conferred.

No exception was or is taken to the form of the warrant, or the sufficiency thereof upon its face, or to the manner of its execution or its return. Nor was any proceeding taken under section 625 (18 USCA), which provides that, "if the grounds on which the warrant was issued be controverted," the judge or commissioner must take testimony in relation thereof, but appellant contends that the warrant was void, and that therefore he is entitled to a return of the property. The affidavits supporting the application for the search warrant were made by Prohibition Agents Adams and Dibble. Referring to the appellant's dwelling house in Helena, Montana, Adams' affidavit was to the effect that he knew the reputation of appellant and of his dwelling house, and that by such reputation appellant was a person who kept for sale and sold intoxicating liquor unlawfully, and that such liquors were so unlawfully sold at such dwelling house; that on the 13th day of April, 1928, he (affiant) visited appellant at his home, and was by him served with two bottles of beer which he brought from a cellar, but his offer to purchase beer was refused. As he was leaving the residence, he again asked appellant if he would let him have a number of bottles of beer to take back to Hamilton with him, and appellant, "neither refusing nor assenting," told him to come back on the following afternoon. In general, he stated that a quantity of intoxicating liquor was being kept on the premises and sold in and about the place, but this statement is not supported by any other specific fact, and no reference is made to any other items of property seized, except that it is stated that the beer which was given to him was served in German steins. By Dibble's affidavit it is shown that, in company with a taxi driver, on May 2, 1928, affiant was driven to appellant's residence for the purpose of purchasing beer. The taxi driver informed him that appellant would not sell to a stranger or even to him if a stranger was in his company, and therefore affiant did not approach the appellant, but stationed himself so that he could overhear the conversation between the driver and appellant. Upon knocking at the rear entrance, the driver was met by Herter, and a conversation ensued between them, but in an undertone, so that the affiant was unable to understand what was said. But after the driver started to go away and was a few steps from the door, affiant heard the appellant say: "I am sorry that I haven't anything today for your party but expect to have some tomorrow and will let you have some then if you come up." As they were going back the driver informed affiant that appellant did not have any beer on hand at that time but would have some the following day, and promised affiant to take him back on the following day for the purpose of procuring some bottles of beer. In his affidavit supporting his petition the appellant in great detail sets forth the circumstances under which Adams came to his house, untruly representing that he (Adams) was a lawyer in search of a missing heir of one Herter, and tending to show that Adams was invited into his house the first time and to return the second time because of his false pretenses. He does not in terms controvert Adams' statement in respect to serving the beer in his kitchen,

but he alleges that upon Adams' inquiry where he could procure a glass of beer appellant answered he did not know, and corroborates Adams in the statement that he (the appellant) declined to sell bottles of beer to him. He further represents that he sold no beer to Adams or to the taxi driver, and that "no intoxicating liquor is unlawfully sold" in his dwelling, but does not otherwise state that no liquor is sold. He further explains that he procured the steins in question in Germany and had had them in his possession for many years prior to the search. He does not controvert the statement in Dibble's affidavit as to what he (appellant) told the taxi driver just as the latter was leaving the house.

It may be conceded that the direct showing in support of the application for the search warrant was meager, but we cannot say that as a matter of law it was insufficient to justify a reasonable man in concluding that appellant was keeping for sale and selling intoxicating liquor. Especially is it difficult to reconcile what occurred in connection with the visit of Dibble and the taxi driver with any other theory. It would hardly be contended that less positive or certain evidence is required for a seizure without warrant than for the issuance of a search warrant, and after referring to numerous decisions defining "probable cause" the Supreme Court, in Carroll v. United States, 267 U. S. 132, 162, 45 S. Ct. 280, 288 (69 L. Ed. 543, 39 A. L. R. 790), said: "In the light of these authorities, and what is shown by this record, it is clear the officers here had justification for the search and seizure. This is to say that the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched." See also Stacey v. Emery, 97 U. S. 642, 645, 24 L. Ed. 1035; Locke v. United States, 7 Cranch, 339, 3 L. Ed. 364. The trial court, of course, was not bound to believe appellant, if indeed it can be said that in any material respect his affidavit put in issue the Adams affidavit, and could properly attach significance to the fact that he challenges no statement in the Dibble affidavit and denies only that he did not *"unlawfully"* sell. We therefore conclude that the search was lawfully made.

At the time appellant's petition was submitted, the district attorney announced to the court that his office did not intend to file any information against appellant relating to the seizure and he did not resist the petition. Upon the record and in view of this attitude of the government, we are of the opinion that all things seized other than the liquor should have been returned to appellant. It is to be inferred that there was no desire to retain anything for evidentiary purposes, and the district attorney now makes no suggestion to the contrary. All of such articles were susceptible to legitimate use, and none of them is shown to have ever contained intoxicating liquor or in any wise to have been unlawfully used. Nor is it shown that appellant intended to use any one of them for the unlawful manufacture of intoxicating liquor. To hold upon this record that such was the intention would be to indulge in mere suspicion.

With a modification directing the return of all articles other than the liquors, the order will be affirmed.