## GOODMAN v. LANE, Deputy Prohibition Administrator.

### No. 8836.

Circuit Court of Appeals, Eighth Circuit.
March 9, 1931.

Rehearing Denied April 15, 1931.

·William G. Boatright, of Kansas City, Mo. (I. J. Ringolsky and Harry L. Jacobs, both of Kansas City, Mo., on the brief), for appellant.

Claude E. Curtis, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, of Kansas City, Mo., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a decree dismissing a bill in equity on the ground of lack of jurisdiction.

The bill was filed February 10, 1930, and alleged, in substance, the following facts: Plaintiff is a citizen of the state of Missouri and a resident of Kansas City, in that state. Defendant is a Deputy Prohibition Administrator of the United States for the district which includes Kansas City. Plaintiff is a member of the Kansas City Athletic Club, which is a private club having a club building located in Kansas City reserved exclusively for members and guests. Plaintiff had made reservation of a room at said club and a table in the dining room for himself and wife and guests for the evening of December 31, 1929. They arrived at the club about 11:45 p. m. and checked in, in accordance with the usual custom, and were standing in a portion of the lobby of the club, which was reserved for members and their guests. Plaintiff was holding in his arms a package containing four bottles and contents, his own property. The bottles were securely and completely wrapped in paper and tied with a string so that the

contents of the package could not be seen or observed. While plaintiff and his party stood in the lobby of the club, a prohibition agent of the United States, Lashbrook by name, a subordinate of defendant, forcibly took the package from plaintiff, and thereupon arrested plaintiff and caused him to be taken to the city hold-over and locked up for the night. The next morning, he was released on a cash bond conditioned that he report back to the hold-over January 2. He reported at that time, and was taken to the office of the United States Marshal, where he was confined until taken before the United States Commissioner the same day. The complaint before the Commissioner was made and sworn to by Lashbrook, and charged plaintiff with unlawfully transporting and possessing intoxicating liquor on December 31, 1929. Plaintiff pleaded not guilty. The Commissioner, after a hearing, dismissed the transportation charge, but held plaintiff and bound him over on the possession charge for action by the grand jury. Plaintiff was admitted to bail. The United States Attorney for the district informed plaintiff that he would seek an indictment against plaintiff before the grand jury, which was to convene February 17, on charges both of transportation and possession; and that, upon a trial, conviction of plaintiff would be sought on both charges. The United States Attorney further stated that he would endeavor to obtain such indictment and conviction through the use, as evidence, of said bottles and the contents thereof, and that defendant was keeping said bottles and contents for the purpose of producing the same at such times and places as requested by the United States Attorney for said purposes. Lashbrook, when he took said bottles from plaintiff's person and possession, had no warrant for the arrest or search of plaintiff or any knowledge or information justifying the making of a search or an arrest; nor did he have any warrant for a search of said club building or for the arrest of any persons therein. Lashbrook was not a member of said club nor a guest of a member at the time of the occurrence. Lashbrook delivered said bottles and the contents to defendant, who still had them at the time of filing the bill.

The bill further alleged that Lashbrook, in taking said bottles from plaintiff, in arresting plaintiff, and in entering the part of said club reserved exclusively for members and their guests, acted illegally and in violation of the Fourth and Fifth Amendments to the Constitution of the United States. The prayer of the bill was as follows: "Where-fore, plaintiff prays that defendant be ordered and directed to return said bottles and contents to plaintiff; that he and his subordinates be enjoined from taking said bottles and contents before any grand jury, petit jury or court or from testifying of how or where or by what means or from whom or at what time and place same were obtained, or of the contents thereof; that the use of said bottles and contents as evidence against plaintiff be suppressed and that, pending final judgment herein, temporary injunction and restraining order issue against defendant, and for such other relief as may be just and equitable."

Defendant moved to dismiss the bill, stating as grounds:

"(1) Plaintiff's petition does not state sufficient facts to constitute a cause of action.

"(2) Plaintiff's petition, on its face, shows that this court has no jurisdiction in this cause.

"(3) Plaintiff has an adequate remedy at law and is not entitled to the relief in equity for which he prays."

The order and decree dismissing the bill is set out in the margin.[1]

The present appeal followed on February 17, 1930. Application was made the same day to the trial court for an order preserving the status quo pending the appeal, but this was denied.

Notice was at once given to the Assistant United States Attorney that a similar application would be made to this court. Arrangement was made with one of the judges of this court for hearing said application at 3 p. m., February 17. The United States Attorney was notified between 1 and 1:30 of the time fixed for the hearing, and said he would appear. Hearing was had at the time

---

[1] "Now on the 14th day of February, 1930, comes plaintiff, by his attorneys, Ringolsky, Friedman, Boatright & Jacobs, and in person and comes defendant in person and by Wm. L. Vandeventer, United States District Attorney and Claude E. Curtis, Assistant United States District Attorney, for the purpose of taking up and hearing plaintiff's application for a temporary injunction and the parties agree in open court and with the consent of the Court that the case may be tried on its merits at this time; thereupon defendant asked and was granted leave to file a motion to dismiss; thereupon same is presented to the court and argued by counsel and the court is of opinion that it has no jurisdiction.

"It is, therefore, ordered that the motion to dismiss be and is hereby sustained and plaintiff's bill is dismissed without prejudice to his right to move in any proper manner to suppress evidence in any criminal proceeding or to pursue any other or different remedy that may be properly available to him, to all of which plaintiff is allowed his exceptions."

34

fixed. An Assistant United States Attorney was present. At the conclusion of the hearing, the judges indicated a desire to consider the matter for a short while and suggested that, of course, nothing would be done meanwhile. The Assistant United States Attorney said that he had nothing to do with that matter, and was thereupon told by the court to inform the United States Attorney that nothing should be done until the court had passed on the application. Thereupon, counsel left the court's chambers. About fifteen minutes later, the Assistant United States Attorney returned and stated that he had been advised that the matter had already been presented to the grand jury. The court directed a written return to be made the next morning. A return was made, showing that the matter had been presented to the grand jury between the hours of 1 and 2 o'clock p. m., February 17, that Lashbrook appeared and testified, and that the grand jury voted an indictment which later was returned and docketed in the office of the clerk of the District Court. The hearing in this court was thereupon continued until February 20, at which time neither counsel appearing, the application was denied.

■ Appellee advances the proposition that equity has no jurisdiction to stay criminal proceedings; cites authorities to that effect; admits that there are exceptions to the general rule; but contends that the case at bar is not within the exceptions. All this may be conceded, but it is not decisive, because the present case is not one in which equity is invoked to stay criminal proceedings. The relief here asked, apart from return of the property, is that the defendant be enjoined from making use of certain evidence in any criminal proceedings against appellant. This is quite different from staying criminal proceedings. The relief asked is somewhat broader in scope, but of the same character as that asked in the usual motion in criminal cases to suppress evidence. The jurisdiction of equity to prevent the use in evidence of property illegally seized and/or to order a return thereof is well established. Such jurisdiction was involved or recognized in the following cases: Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 575, 65 L. Ed. 1048, 13 A. L. R. 1159; Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 73 L. Ed. 275; United States v. Hee (D. C.) 219 F. 1019, 1021; Petition of Barber. (D. C.) 281 F. 550; Friedman v. Yellowley (D. C.) 290 F. 248; Sims v. Stuart (D. C.) 291 F. 707; Dowling v. Collins (C. C. A.) 10 F.(2d) 62; Applybe v. United States (C. C. A.) 32 F.

(2d) 873, rehearing denied (C. C. A.) 33 F.(2d) 897; United States v. Gowen (C. C. A.) 40 F.(2d) 593, reversed on other points, Go-Bart Imp. Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. ——; United States v. Mahon (D. C.) 42 F.(2d) 571; Dock v. Dock, 180 Pa. 14, 36 A. 411, 57 Am. St. Rep. 617; Pressed Steel Car Co. v. Standard Steel Car Co., 210 Pa. 464, 60 A. 4.

Burdeau v. McDowell, supra, was a suit brought by McDowell against Burdeau, a special assistant to the Attorney General of the United States, to obtain return of certain books and papers, and to enjoin Burdeau and officers of the Department of Justice from using them in criminal proceedings against him. No use had yet been made of the books and papers. It appeared that the books and papers had been obtained from McDowell wrongfully by a third person who had turned them over to Burdeau. No question was raised that a suit in equity was the proper procedure, and the court said: "We do not question the authority of the court to control the disposition of the papers." And in the dissenting opinion, it was said: "That the court would restore the papers to plaintiff if they were still in the thief's possession is not questioned."

In Dowling v. Collins, supra, a suit to obtain return of property, consisting of liquor, seized, and to suppress use of it as evidence, it appeared that, prior to the commencement of the suit, plaintiffs had made a motion to the same effect in a criminal action in which they were defendants. The motion had been denied. It was held that the order denying the motion in the criminal case was final, and, not having been appealed from, was binding on defendants and barred relief in the equity suit. The practice of bringing a suit in equity was recognized.

In Cogen v. United States, supra, the sole question was as to appealability of the order denying motion for return of papers and suppression of evidence. The papers had been taken from the person of defendant without a warrant. The application was made after indictment and before trial. In the discussion in the Supreme Court, the case of Dowling v. Collins, supra, is referred to as an instance of plenary suit.

In United States v. Gowen, supra, the court said, 40 F.(2d) loc. cit. page 598: "In Matter of Behrens [(C. C. A.) 39 F.(2d) 561], supra, we held that, when forfeitable property is seized and held by prohibition officers, the legality of their seizure was to be determined in the forfeiture proceedings, not on summary motion for an order directing

return of the property. Where, as here, the property consists of papers held for evidence not for forfeiture, the legality of the seizure cannot be so determined. On general principles it would seem that replevin, unless some statute forbids it, or a bill in equity, since temporary relief is sought against a threatened use of information contained in the papers, would be the appropriate remedy. See United States v. Casino, 286 F. 976, 978 (D. C. S. D. N. Y.); Sims v. Stuart, 291 F. 707, 709 (D. C. S. D. N. Y.); Applybe v. United States, 32 F.(2d) 873 (C. C. A. 9), rehearing denied (C. C. A.) 33 F.(2d) 897. We may assume, without the necessity of so deciding in the present case, that section 934, Rev. St. (28 USCA § 747), forbids replevin, and that a bill in equity will lie to recover possession of papers illegally held by prohibition officers. See Sims v. Stuart, supra; 27 USCA § 45; Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449."

■ Under certain circumstances, a summary motion may be made in the United States District Court which has control of the preparatory and preliminary acts and steps leading up to a criminal prosecution of the owner of the property. The full and complete relief, however, afforded by such motion is equitable in character. It consists in enjoining the officers from making use of the property as evidence, and in ordering the property restored to its owner. See Go-Bart Importing Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. ——. That case, however, did not hold that a plenary bill in equity was not a proper method of procedure.

■ It is to be noted that, in the case at bar, the bill alleged ownership by plaintiff of the property seized. For the purpose of determining the jurisdiction of the court, this allegation must be taken as true.

■ It is to be further noted that the property was being held for evidentiary purposes only; that the remedy by replevin was obviously inadequate, even if that remedy was open; that the remedy provided by the National Prohibition Act (27 USCA) and the Espionage Act (40 Stat. 217) for vacation of a warrant improperly issued and for return of property was not applicable, for the reason that no warrant had issued; that the relief sought was not incidental to any trial or other proceeding in the District Court, for no such trial or proceeding was pending in that court; that the defendant, appellee, had not appeared in the proceedings before the Commissioner.

In view of all the facts in the case, we think that, under the authorities above cited, remedy by bill in equity was proper, and that the court had jurisdiction to entertain such bill.

Appellee urges that such procedure by bill in equity would tend to hamper and delay greatly criminal prosecutions. Even if this were true, it would afford no reason for denying litigants the right to make use of well-recognized methods of procedure. But we think the fear is not well grounded. Such fear is not stressed in the cases.

■ The questions of return of property illegally seized, and/or the suppression of the same as evidence, are presented to the courts by various methods of procedure. There is no uniformity throughout the several circuits, and oftentimes not within the same circuit. Independent petitions, either before or after criminal proceedings are started,[2] summary motions or petitions in criminal cases after indictment or information,[3] independent bills in equity,[4] are all recognized by the courts as proper. The practitioner will doubtless choose the method which best suits his particular case. Delays may arise in any method of procedure. But as criminal cases are given precedence in the trial and appellate courts, doubtless bills in equity closely related to criminal cases could secure like precedence. But however this might be, the jurisdiction of the federal equity court

[2] Godat v. McCarthy (D. C.) 283 F. 685; Cabitt v. Potter (D. C.) 293 F. 54; Voorhies v. United States (C. C. A.) 299 F. 275; Levin v. Blair (D. C.) 17 F.(2d) 151; In re Oryell (D. C.) 28 F.(2d) 639.

[3] Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 73 L. Ed. 275; Brock v. United States, 12 F.(2d) 370 (C. C. A. 8); Johnson v. United States, 12 F.(2d) 374 (C. C. A. 8); Giles v. United States (C. C. A.) 284 F. 208; Reyff v. United States (C. C. A.) 2 F.(2d) 39.

[4] Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Petition of Barber (D. C.) 281 F. 550; Friedman v. Yellowley (D. C.) 290 F. 248; Sims v. Stuart (D. C.) 291 F. 707; Dowling v. Collins (C. C. A.) 10 F.(2d) 62.

Other cases along the same or similar lines of procedure are: Go-Bart Importing Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. ——; United States v. MounDay (D. C.) 208 F. 186; United States v. Rykowski (D. C.) 267 F. 866; United States v. Kelih (D. C.) 272 F. 484; Connelly v. United States (D. C.) 275 F. 509; United States v. Alexander (D. C.) 278 F. 308; United States v. Desey (D. C.) 284 F. 724; United States v. Mattingly, 52 App. D. C. 188, 285 F. 922; United States v. Vigneaux (D. C.) 288 F. 977; United States v. Dziadus (D. C.) 289 F. 837; Margie v. Potter (D. C.) 291 F. 285; United States v. Jensen (D. C.) 291 F. 663; United States v. Madden (D. C.) 297 F. 679; United States v. Gaitan (D. C.) 4 F.(2d) 848; United States v. Burns (D. C.) 4 F.(2d) 131; United States v. Smith (D. C.) 23 F.(2d) 929; Berkelhammer v. Potter (D. C.) 23 F.(2d) 375; Fabri v. United States (C. C. A.) 24 F.(2d) 185; In re Herter (D. C.) 30 F.(2d) 968, affirmed (C. C. A.) 33 F.(2d) 400; United States v. Slusser (D. C.) 270 F. 818.

cannot be made to depend upon such considerations.

We, of course, express no opinion on the merits of the bill.

■ Appellant requests this court to direct the trial court to dismiss the indictment returned against him in view of the fact that the proceedings before the grand jury and the returning of the indictment were had while application was being made to this court for an order preserving the status quo pending the appeal. Appellant insists that the indictment was procured by tactics which must be considered in disregard and in defiance of the jurisdiction of this court.

The United States Attorney denies this charge and states that the case of appellant was presented to the grand jury in the ordinary course of procedure, and that the Assistant United States Attorney who presented it to the grand jury had no knowledge of the application to this court for an order to preserve the status quo pending appeal. We shall accept the statement of the United States Attorney and shall consider the matters complained of as due to lack of co-ordination among the Assistant United States Attorneys. Nevertheless, the outcome was prejudicial to the appellant in his efforts to protect his alleged rights.

We do not think it necessary to direct the District Court to dismiss the indictment. We feel confident that, upon the going down of the mandate in this case, the United States Attorney will recognize the impropriety of proceeding further under the present indictment, and will take the proper steps to have it dismissed.

The decree dismissing the bill for want of jurisdiction must be reversed

It is so ordered.