## HALL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. July 16, 1920.)

No. 3482.

1. **Appeal and error ☞717—Opinion of trial court may be considered.**
The opinion of the trial court may be considered by an appellate court, although not made a part of the record.

2. **Druggists ☞5—Food ☞15—To determine whether there is misbranding, language should be given ordinary meaning.**
In determining whether a drug product or article of food is misbranded, within Food and Drugs Act, § 8, as amended (Comp. St. § 8724), the language used on the label or package is to be given the meaning ordinarily conveyed by it to those to whom it is addressed.

3. **Druggists ☞5—Drug product "misbranded" by misrepresentation of curative effect.**
A drug product shipped in interstate commerce in bottles contained in cartons, the labels and cartons bearing statements representing that it

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was an effective medicine for treatment of certain ailments named, whereas it contained no ingredient which could possibly have any remedial or beneficial effect in treatment of such ailments, as was known to the shipper, who was the manufacturer, *held* "misbranded," within Food and Drugs Act, § 8(3), as amended (Comp. St. § 8724[3]).

[Ed. Note.—For other definitions see Words and Phrases, Second Series, Misbrand.]

**4. Appeal and error ☞1054(1)—Admission of misleading evidence in trial to court not prejudicial.**

Where issues of fact are tried by the court without a jury, and there is other evidence which supports the judgment, the admission of evidence which might be subject to objection as tending to mislead a jury is not ground for reversal.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Libel by the United States against 141 bottles, more or less, of drug products; E. W. Hall, claimant. Judgment of condemnation, and claimant brings error. Affirmed.

Ben Campbell, of Houston, Tex. (Chester H. Krum, of St. Louis, Mo., on the brief), for plaintiff in error.

D. E. Simmons, U. S. Atty., of Houston, Tex. (V. Simonton, Sp. Asst. U. S. Atty., on the brief), for the United States.

Before WALKER, Circuit Judge, and FOSTER and CALL, District Judges.

WALKER, Circuit Judge. This was a libel by the United States, praying that 141 bottles, more or less, of described drug products or medicine, be seized for condemnation, and be condemned and sold or destroyed. The libel contained allegations to the following effect:

Each bottle mentioned was encased by a carton with the following printing or label thereon, to wit:

"A Texas Wonder. Hall's Great Discovery. Contains 43% alcohol before diluted. 5% after diluted. The Texas Wonder. Hall's Great Discovery, for Kidney and Bladder Troubles, Diabetes, Weak and Lame Backs, Rheumatism, Gravel, Regulates Bladder Trouble in Children. One small bottle is 2 months treatment. Price $1.25 per bottle. E. W. Hall, Sole Manufacturer, St. Louis, Mo."

There was inclosed in each of the cartons a circular containing the following:

"Louis A. Portner * * * testified he began using the Texas Wonder for stone in the kidneys * * * and tuberculosis of the kidneys as diagnosed by his physicians. * * * He was still using the medicine with wonderful results, and his weight had increased."

That said label and the said carton, and the circular contained in each of said cartons, regarding the curative or therapeutic effect of the said drug or medicine are false and fraudulent, in that the said drug or medicine contains no ingredient or combination of ingredients capable of producing the curative or therapeutic effects claimed for it as set forth by the printed matter on said carton, and thereby the said

products are misbranded, in violation of paragraph 3 of section 8 of the Food and Drugs Act of June 30, 1906, and the amendments thereof (Comp. St. § 8724). Said bottles were shipped in interstate commerce in a way described, and as a result of such shipment were, at the time of the filing of the libel, in the possession of a named party in the district in which the proceeding was instituted.

The plaintiff in error intervened, claimed the bottles proceeded against, and by answer put in issue material averments of the libel. Pursuant to a stipulation of the parties waiving a trial by jury, the case was tried by the court without the intervention of a jury. The court made findings of fact to the effect that the articles libeled were transported in interstate commerce in cartons labeled as alleged, that every claim made for the medicine on the carton was false, and that the medicine as compounded has not and could not have the curative properties claimed for it; that the defendant intervener made the claims shown on the carton recklessly and without a sincere belief in their truth, and that he had actual knowledge that the claims as made were false; and that, in so far as the question of false and fraudulent misbranding is a question of fact, the medicine as distributed was misbranded falsely and fraudulently. Based upon such findings of fact the court concluded, as a matter of law, that the bottles of medicine libeled were falsely and fraudulently misbranded within the meaning of the statute, and because thereof were subject to forfeiture and condemnation. There was a judgment in pursuance of such findings of fact and conclusion of law. The case is here on exceptions to the last-mentioned action of the court, and to rulings on objections to evidence in the course of the trial.

[1] Counsel for plaintiff in error in argument made objection to the consideration by this court of the part of the opinion rendered in the case by the District Judge, which was quoted in the brief filed by the counsel for the defendant in error. This objection is based, not on a claim that there was any inaccuracy in the quotation, but on the ground that the opinion of the trial judge is not properly a part of the record to be considered by this court. If a provision of a rule of this court (rule 14 [150 Fed. lxxix, 79 C. C. A. lxxix]), had been complied with, a copy of that opinion would have been a part of the record before us. The objection on the ground stated is without merit. Certainly it is not an obstacle to a proper consideration of a case by an appellate court for it to be authentically informed by an opinion of the trial judge of the manner in which the evidence adduced was considered by him, and of the reasons relied on to support the conclusions he reached.

[2, 3] Language used in the label is to be given the meaning ordinarily conveyed by it to those to whom it was addressed. When so read and construed, it amounted to an assertion that the article referred to, if used as directed, might be expected to have a curative or alleviating effect on the classes of ailments mentioned. There was no indication of an intention to except any ailment embraced in those classes. Evidence adduced showed what were the ingredients of the article called "A Texas Wonder," and that those ingredients could not, singly

or in combination, have any remedial or beneficial effect on any ailment of the kinds mentioned in the label. The plaintiff in error, the claimant below, the manufacturer and distributor of the article, was a witness in his own behalf. Admissions made by him showed that he was fully aware that his product did not, and could not, have any remedial effect on certain well-known kinds of kidney trouble. Evidence disclosed that it was bought and used as a remedy for ailments as to which admittedly it was wholly ineffective. It cannot with any plausibility be contended that there was an absence of evidence to support a finding that the plaintiff in error put the articles in question into the channels of interstate trade, labeled as a cure or remedy for stated classes of ailments, when he knew that it was ineffective as to an ailment or ailments embraced in those classes, and that this was done with actual intent to deceive buyers and users of the article. Such a finding was enough to support the further conclusion that the alleged label contained a statement as to the curative or therapeutic effect of the article referred to which was false and fraudulent, within the meaning of the statute. 37 Stat. 416 (Comp. St. § 8724); Seven Cases v. United States, 239 U. S. 510, 36 Sup. Ct. 190, 60 L. Ed. 411, L. R. A. 1916D, 164.

[4] It is urged in argument that there should be a reversal because of the overruling of objections to the following questions propounded by the court to a physician who was a witness for the claimant:

"I will ask you whether or not such a combination as has been read to you as contained in this bottle is recognized by the medical profession generally, or any portion of it, as a specific for either kidney or bladder troubles, diabetes, weak and lame back, rheumatism or gravel?"

"I will ask you whether any physician that you know of would advise, and I am not speaking with reference to any particular person, but whether the medical opinion crystallized, by discussion and exchange of views, would recommend for treatment to a person afflicted with kidney trouble, as a great discovery or solvent of that trouble, this thing?"

"Would it be considered good or bad practice for a physician to give it to a man—from the standpoint of protecting a man's health?"

The asking of the first-quoted question was justifiable by the circumstance that the witness, at a preceding stage of his examination, had made a statement to the effect that the combination of ingredients which evidence had showed constituted the article in question would have a definite and specific effect on the various organs of the body. Certainly it was not improper for the court to seek to ascertain from the witness what he meant by that statement. The negative answer given by the witness to the question made it plain that he was not to be understood as asserting that the combination in question was regarded as a specific for the class of ailments for which the label suggested its use; in other words, that it was specially adapted to have a beneficial effect with reference to such ailments.

The action of the court in overruling objections to the other questions above set out was treated in argument in behalf of the plaintiff in error as showing or indicating that the case was tried on the erroneous theory that condemnation of the articles proceeded against could be based on opinions of physicians that those articles did not

possess the remedial qualities claimed for them. That the court, in asking the questions and in overruling objections to them, was not influenced by any such erroneous theory, is made plain by the opinion rendered. That opinion discloses that it was recognized that the condemnation sought could not be adjudged unless the evidence adduced proved (1) that the label's statement in regard to curative or therapeutic effect was false; and (2) that such statement was fraudulently made. Falsity in the label's statement of remedial effect being one of the elements required to be proved, it was not improper to admit expert evidence on that issue. On such an issue the opinions of persons whose occupation, training, and experience are such as to make them acquainted with the qualities of the ingredients of the article in question is admissible; and it is permissible to prove that those comprising such a class generally regard the ingredients of an article in question as ineffective, singly or in combination, in the treatment of ailments mentioned, and would in practice refrain from using it in such treatment because of the recognized futility of doing so.

It may be assumed that, if the issues of fact had been tried by a jury, the objections to one or more of the questions asked might properly have been sustained as a means of keeping the jury from being confused or misled into basing their verdict on legally insufficient evidence. But when the issues were tried by the court without a jury, and there was evidence tending to prove all that was required to be proved to support the judgment rendered, and findings were made in pursuance of such evidence, and it is disclosed that the court correctly apprehended what was required to be found to support its judgment, that judgment is not to be disturbed, in the absence of the record clearly showing erroneous action prejudicially affecting the substantial rights of the party seeking a reversal. The conclusion is that the record does not show any reversible error.

The judgment is affirmed.