## CAROZZA v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 7, 1922.)

No. 2013.

**Intoxicating liquors ⬅251—Evidence held not to show claimant's ownership.**
    Claimant *held*, on the evidence, not the owner of liquor seized, which he sought to have returned.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Proceeding by the United States for forfeiture of liquors. From a decree of forfeiture, Antonio T. Carozza, claimant, appeals. Affirmed.

Edwin H. Brownley, of Baltimore, Md. (Walter V. Harrison, of Baltimore, Md., on the brief), for appellant.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

KNAPP, Circuit Judge. In this proceeding to forfeit to the United States a quantity of whisky, stated to be 452 cases, the appellant, Carozza, on whose premises it had been seized in the latter part of March, 1920, set up a claim of ownership. If the whisky actually belonged to him, and was kept for uses permitted by the National Prohibition Act (41 Stat. 305), he was entitled to its return; if not, his possession was unlawful, and forfeiture rightfully ordered.

It appears that in August, 1919, Carozza had purchased a considerable estate at Catonsville, a suburb of Baltimore, though he did not go there to reside until the following March, being engaged in the meantime in making repairs and improvements. On this estate were a mansion house and three or four tenant houses, one of which was occupied from October, 1919, to October, 1920, by one Kennedy, a foreman or farm manager for Carozza during that year.

There was testimony to the effect that the whisky in question had been the property of Charles Vincenti and Andrew Ciotti, liquor dealers doing business at Baltimore under the name of the Triaca Company; that Carozza had known Ciotti for some years, but had met Vincenti only two or three times prior to January, 1920; that they had purchased from him a large block of stock in an apartment house corporation which he controlled; that about Christmas, 1919, on a Sunday, they came to his house in Mount Royal avenue, and he took them out to the Catonsville estate; that as they were shown through the mansion one of them remarked that the cellar would be a good place to store whisky; that Carozza refused to let them put any whisky in the mansion, but did give them permission to store 35 or 40 cases in the cellar of the Kennedy house; that without further consent by or notice to him they sent 250 cases of whisky on January 2, 1920, which were receipted for by Kennedy and stored in his cellar, and that 320 more cases were sent on January 11th and stored in the same

place; that shortly afterwards Carozza met Vincenti on the street and asked him why he had sent all that whisky to his place; that Vincenti, who seemed nervous and in a great hurry, said, "I cannot talk to you now; it is your whisky; what do you care? you are not going to pay me for it," and passed on; that in point of fact Carozza paid nothing for the whisky, and its delivery to him was in no way connected with the stock purchase by Vincenti and Ciotti; that, when asked as a witness in his own behalf what relations he had with them which would lead them to make him a present of whisky worth many thousands of dollars, he replied, "God only knows, I couldn't answer that question;" that in a previous examination, in John Doe proceedings, when asked if he felt entitled to the whisky, he said, "I don't feel that I am entitled to it;" and when further asked, if he did not consider it very unusual that a man with whom he had but slight acquaintance should send him $50,000 worth of whisky, he replied, "That is the reason that I did not understand him; I did not understand it myself, why he should send me $50,000 worth of whisky."

It is true that on the trial below Carozza testified positively that the whisky belonged to him, and denied or explained the contrary statements claimed to have been made by him in the John Doe proceedings. But the question was purely one of fact, and we are satisfied, after careful scrutiny of the record, that the learned judge reached the right conclusion when he said, in deciding the case:

"I do not believe any present of $50,000 worth of whisky was made, and I do not believe Mr. Carozza was satisfied of it in March, 1920. Of course, now, having thought matters over, he has concluded it was his; but it is impossible for me to believe that practically a chance acquaintance made him a present which cost any way $20,000 in taxes and was worth perhaps $30,000, or $40,000 or $50,000. I will have to sustain the government's petition."

The decree appealed from will be affirmed.