### VOORHIES v. UNITED STATES et al.

.(Circuit Court of Appeals, Fifth Circuit. May 2, 1924.)

#### No. 4285.

1. **Intoxicating liquors ⬤⟿249—Search warrant held defective, because not sup‑ported by charge that dwelling was used for unlawful sale.**

   Warrant for search of dwelling for intoxicating liquor was defective, where not supported by a charge that the dwelling was being used for the unlawful sale of liquor, under National Prohibition Act, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m).

2. **Appeal and error ⬤⟿81—Judgment denying petition to quash search warrant and for return of liquor held reviewable as final judgment.**

   Where petition of defendant, charged with violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to quash search warrant and for return of liquor seized thereunder, was in the form of an independent action, the judgment denying the petition was reviewable on writ of error as a final judgment.

3. **Intoxicating liquors ⬤⟿256—Defendant not entitled to return of liquor seiz‑ed under defective warrant, in absence of showing of lawful possession.**

   Liquor seized under defective search warrant will not be ordered returned, in the absence of a showing that defendant's possession thereof was lawful, notwithstanding unreasonable search and seizure clause of Const. Amend. 4, since, under National Prohibition Act, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), one who has possession of liquor has the burden of proving lawful possession, and under section 25 (Comp. St. Ann. Supp. 1923, § 10138½m), there is no property right in liquor used unlawfully.

4. **Criminal law ⬤⟿393(2)—Liquor seized under illegal search warrant not ad‑missible.**

   Under Const. Amend. 5, liquor seized under illegal search warrant is not admissible in a criminal prosecution.

In Error to and Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Petition by Sidney Voorhies against the United States and others. Petition denied,·and petitioner appeals and brings error. Affirmed.

John E. Jackson, of New Orleans, La., for·plaintiff in error and appellant.

L. H. Burns, U. S. Atty , and Edwin H. Grace, Sp. Asst. U. S. Atty., both of New Orleans, La., for defendants in error and appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. [1] The plaintiff in error filed a petition, praying that a search warrant under which his home was searched be quashed, and that a quantity of intoxicating liquor which was seized thereunder be returned to him. The search warrant was defective, in that it was not supported by a charge that the dwelling was being used for the unlawful sale of liquor. Section 25, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m). The District Court quashed the warrant, but refused to order the return of the liquor, which is described in the petition as 9 cases and 35 bottles of "home brew" beer, 333 sacks, 18 cases, and 169 quarts of assorted liquors, and 129 gallons of alcohol, besides a half pint of caramel coloring, 2 glass funnels, and a patent corker. The plaintiff in error does not allege that he was the owner of the liquor; but nevertheless he assigns error upon the refusal of the court to order that it be returned to him, and contends that his rights under the Fourth and Fifth Amendments to the Constitution have been violated.

[2-4] The government moves to dismiss the writ of error on the ground that the judgment of the District Court is not final. So far as the record before us discloses, this is an independent action, and is not incidental to a criminal prosecution or other original proceeding. The motion to dismiss is therefore denied. The cases relied on by the plaintiff in error are Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, and Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

We are of opinion that none of these cases sustains the assignment of error. All except the one last cited deal with the seizure of private books and papers. In the Boyd Case a clear distinction is made between such a seizure and the seizure of stolen or forfeited goods, or things which it is unlawful for a person to have in his possession, such as counterfeit coins, lottery tickets, and gambling implements. Liquor illegally possessed is not to be treated as are articles which may be lawfully possessed. It is true that there may be lawful possession of liquor, but the burden is upon him who claims that his possession is lawful. Section 33, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½t). The petition in this case is almost a confession that plaintiff in error's possession was unlawful. The Amos Case has to do with removing and concealing whisky on which the internal revenue tax had not been paid, apparently in violation of R. S. § 3296 (Comp. St. § 6038), at a time when distilled spirits, were recognized as property. But the National Prohibition Act provides in section 25 that no property right shall exist in liquor used in violation of law. We conclude that this case is not authority for the position which the plaintiff in error takes.

It has been held in the District Courts of Massachusetts and Connecticut that liquor seized in a private dwelling under an illegal search warrant should be returned, without requiring evidence that the pos-

session was lawful. United States v. Vigneaux (D. C.) 288 Fed. 977; United States v. Sievers (D. C.) 292 Fed. 394; United States v. Harnich (D. C.) 289 Fed. 256. But the contrary, and we think the correct, rule is announced in United States v. O'Dowd (D C.) 273 Fed. 600. See, also, Haywood v. United States (C. C. A.) 268 Fed. 795. Because of the seizure under an illegal search warrant the liquor cannot be used against the plaintiff in error in any criminal prosecution, and thus he is afforded the full protection guaranteed by the Fifth Amendment. The Fourth Amendment protects against unreasonable search and seizure, but it does not, in our opinion, concern itself with the title to property, or go to the extent of requiring the return of liquor which is by law made subject, prima facie, to forfeiture and destruction, and in which no private right of property is shown.

The burden was upon the plaintiff in error to aver and prove, not only that he was in possession, but also that his possession was lawful.

The judgment of the District Court is affirmed.