## FABRI v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
February 13, 1928.

No. 5191.

**1. Criminal law ⬳394—Evidence illegally obtained cannot be used.**

Evidence obtained under illegal search warrant cannot be used in prosecuting a criminal charge.

**2. Intoxicating liquors ⬳250—Person from whom liquor was taken on unlawful search of dwelling house held entitled to restoration under evidence (National Prohibition Act, § 33 [27 USCA § 50]).**

Where government agents, on unlawful search of dwelling house, seized liquor, possession of which may or may not have been unlawful, person from whom it was taken *held* entitled to its restoration, in absence of proofs, other than those obtained as result of unlawful search, justifying presumption of unlawfulness arising from fact of possession, as declared by National Prohibition Act, § 33 (27 USCA § 50).

**3. Searches and seizures ⬳5—Person whose property is seized under unlawful search of dwelling house is prima facie entitled to restoration.**

Where, in unlawful search of dwelling house, government agents seized property, possession of which may or may not have been unlawful, person from whose possession it was wrongfully taken is prima facie entitled to its restoration.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Prosecution by the United States against Thomas Fabri, wherein defendant filed a petition to quash the search warrant, suppress evidence, and for return of seized property. From an order dismissing the information, but denying a return of the seized property, defendant brings error. Reversed.

Thomas J. Riordan, of San Francisco, Cal., and Kenneth C. Gillis, of Oakland, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Acting under authority of a search warrant, which he assumed to be valid, a prohibition agent entered and searched the residence of one Fabri. In his verified return he certified that in executing the warrant he had seized and taken away very considerable quantities of whisky, rum, and .wine, contained in numerous bottles of various capacities. Following the search the district attorney ·filed an information, charging Fabri, who is hereinafter referred to as defendant, in one count, with the unlawful possession of the liquors, and, in another, with the maintenance of a nuisance, in that he unlawfully kept the liquors for sale upon the premises searched. Upon his arrest, defendant appeared and filed a verified petition, assailing the validity of the warrant, and praying that it be quashed, that the evidence so obtained be suppressed, and that the seized property be ordered returned to him at his home. In the petition he alleges only that he was in possession, and not that he was in the lawful possession, of the property. Upon a hearing the court below ordered the warrant quashed and the evidence suppressed, but denied the prayer for a return of the property. Subsequently, upon motion of the district attorney, the information was dismissed, and thereupon defendant sued out this writ of error, which is directed to the part of the order denying a return to him of the seized property.

As we understand, defendant does not seriously contend that, if the property seized were inherently of a contraband character, or, more specifically, if it appeared by evidence, other than that uncovered by the unlawful search, that the liquors here in question were possessed and used by defendant in violation of the National Prohibition Act, it would be the duty of the court to order their return. Filippelli v. United States (C. C. A.) 6 F.(2d) 121, 125. His position is that the record upon which the court acted does not show that the property seized consisted of intoxicating liquors, or that his possession or use thereof was in any respect illegal; and, further, that in making proof of these indispensable conditions the government is precluded from resorting to any evidence obtained in the execution of the invalid warrant.

[1-3] Upon the general question of the duty of the courts to order the return of liquor wrongfully seized by government agents in the course of an unlawful search, there is hopeless conflict in the reported cases. We do not attempt to collect them, but, only as being typical, we cite, in support of such duty, Geraghty v. Potter (D. C.) 5 F.(2d) 366, Brock v. United States (C. C. A.) 12 F.(2d) 370, and Dickhart v. United States (D. C.) 16 F.(2d) 345; and contra, Voorhies v. United States (C. C. A.) 299 F. 275, and United States v. Jensen (D. C.) 291 F. 668. It is doubted that anything of value for or

against either view could be added to what has already been said in the numerous decisions, at least in so far as concerns a case such as we have here, where the seizure is of liquor in a dwelling house. Possession there may be lawful or unlawful, depending upon the mode of acquisition or the intended use. Hence restoration would not necessarily operate to put the defendant in the position of committing a criminal act. The government here introduced no material evidence, but relied upon the averments of defendant's petition and the presumption of unlawfulness arising from the fact of possession as declared by section 33 of the National Prohibition Act (41 Stat. 317; 27 USCA § 50).

The only pertinent allegations in the petition are that defendant was in the possession and entitled to the possession, in his home, of numerous identified containers, "and the contents thereof, which is alleged in the information on file herein to contain whisky," or "wine," or "rum." We doubt whether this is to be considered as an averment of the character of the contents of the containers, but, if a different view be taken, it is to be said that such admission resulted wholly from the exigency of the unlawful search and seizure, and that, therefore, the government cannot take advantage of it. In short, when we analyze the record, it is found that the government's entire case rests directly or indirectly upon disclosures incident to the unlawful search. Petitioner refers to the information, and exhibits with his petition the search warrant, including the return thereon; but both the averments of the information and the statements in the return have no probative support other than that supplied by the search. And unless we resort to the facts disclosed by the search there is no ground at all on which to invoke the presumption of section 33.

Admittedly the rule is well established that evidence thus obtained cannot be used in prosecuting a criminal charge, and the reasons underlying it would seem to be equally applicable to a case like this, where, in effect, forfeiture is sought of property belonging to the party whose rights have been invaded by a wrongful search and seizure. We think that, both upon principle and the weight and trend of the decided cases, the view must be taken that where, as here, upon an unlawful search of a dwelling house, government agents seize property the possession of which may or may not have been unlawful, the person from whose possession it is wrongfully taken is prima facie entitled to its restoration, and that the government can make successful resistance to an appropriate petition for its return only by showing affirmatively, by proofs other than those obtained as a result of the unlawful search, that the property was, at the time of its seizure, being used in the commission of crime.

Reversed.