## UNITED STATES v. ONE QUART BOTTLE OF ALLEGED WHISKY, etc.

District Court, E. D. New York. December 6, 1928.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and Anthony P. Savarese, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Charles F. Murphy, of New York City, for claimant.

INCH, District Judge. This is a motion for judgment on the pleadings in an "in rem" suit. The res being a quantity of liquor, a considerable controversy has arisen. This is no reason, however, for departure from settled practice in civil suits. The pleadings consist of a libel and amended answer. The libel is one of these so-called "blanket" libels by which the government seeks to forfeit in one suit the alleged contraband property of many persons. The libel is extended in form. The use to which the possession of the property of each owner is alleged to have been put covers every violation of the National Prohibition Act, in the hope perhaps that in each case at least one of the material allegations may be proved against the res.

Most of the owners default in such suits, and the government is thus spared expense and time. Occasionally, however, a claimant appears and answers. This is what has happened in the case before me. Samuel Goldman has appeared and claimed certain liquor. The libel alleges that the owner of this quantity of the liquor is named Abraham Golding, but as Samuel Goldman insists that it is his property and that 1320 East Thirty-First street, Brooklyn, is his own private residence, and as nothing is heard from Golding nor any point made of this by the government, Samuel Goldman appears to be a proper claimant, and I shall assume as much. ■ Goldman has answered the libel, and, instead of waiting for the trial, now moves for judgment on the pleadings on the theory that there is no issue of fact raised thereby. It needs no citation of authority to hold that, if a question of fact is raised by the pleadings, such motion must be denied. 34 C. J. 201; Atlantic Refining Co. v. Port Lobos (D. C.) 283 F. 701; Churchward Co. v. Bethlehem Co. (D. C.) 233 F. 322.

The libel alleges that the res was "possessed and/or transported in the Eastern District of New York in violation of the Act of Congress approved October 28, 1919." National Prohibition Act (27 USCA). Paragraph 4 of libel. ■ Goldman's amended answer denies this allegation of fact. Paragraph 1 of amended answer. This issue is on the common-law calendar. The presence of a denial to a material allegation of fact in a complaint or libel raises a question of fact to be decided on a trial. The practice in the state of New York, with the exception of certain particular suits, of which this is not one, is the same. The Civil Practice Act defines an issue of fact as arising in this manner. Civil Practice Act New York, § 422.

■ There has been no motion made by claimant as to the form of the libel nor any request for a bill of particulars. Under such circumstances the allegation of the libel is sufficient. U. S. v. 385 Barrels (D. C.) 300 F. 565; Avignone v. U. S. (C. C. A.) 12 F.(2d) 509, 510.

A question of fact is thus plainly disclosed to be decided at a trial. This would be sufficient to explain the denial of the motion, were it not for certain other matters insisted upon by counsel as being before the court. These are: First, that the res was seized by an unlawful search and seizure. Second, that the answer of the claimant is insufficient as a matter of law. Third, claimant seeks the return to him of the liquor.

As I view this motion, these questions of mixed fact and law are actually not before me; but as they have been so considered to be by both parties, I will briefly mention each. First, the question of illegal search and seizure: There is no admission or concession by the government that there was any illegal search and seizure. The claimant relies upon an affidavit of a police officer, which by the way is not a part of the papers submitted; but whether it is submitted or not, this court cannot foreclose the government by the mere statement of a police officer. Before this libel was filed the claimant made a possessory motion for the return of the liquor. Judge Moscowitz, before whom the motion came, held a hearing at which witnesses were examined. He denied the motion with leave to renew. To be sure, it is plain that this libel, having been filed subsequent to the hearing but before his decision, occasioned Judge Moscowitz not to decide the matter but leave it to the trial if and when it should occur. The fact, however, is that there has been no decision of this question, although a hearing thereon has taken place. On the other hand, if it had appeared as a matter of law on the motion before me that there was an illegal search and seizure in this case, and that the government would therefore be unable to prove any case against the res for this reason, there would seem to be no necessity for further waiting for a trial with its inevitable result. The libel should then be dismissed. At the present time no such situation presents itself on this motion.

■ Facts remain facts, whether discovered by unlawful search or seizure or not. The only difference is that where they solely depend upon an unlawful search and seizure they cannot be introduced in evidence. The decision of whether or not such facts can be

introduced therefore is one for the trial court to decide after listening to the testimony offered by the government. Steele v. U. S., 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761. The questions of fact and law thus presented on such question cannot be determined on a motion of the character now before me unless conceded or admitted by libelant, none of which appear.

The second question is as to the sufficiency of the answer. The government has excepted to the answer as insufficient, in that claimant has not stated in what part of his house the liquor was seized, that he "has not maintained the burden under the law to show property rights in the liquor so seized and that claimant must plead as to how he acquired possession," etc. These objections have not been brought on for a hearing by libelant; but as claimant makes his motion for judgment upon them, together with the pleadings, I may consider that they are before me. The answer seems to me to be sufficient to justify a trial. The good faith of the claimant is not a defense. Avignone v. U. S. (C. C. A.) 12 F.(2d) 509, page 511.

It would seem to be at least a sufficient allegation to justify the required proof by claimant, especially in the absence of any motion in regard to his pleading, for him to allege as he has that the liquor in question "is the lawful property of this claimant to which he had and is entitled to the right of immediate possession," especially where the place is a private dwelling.

There is no title in contraband. There is nothing here which will prevent the libelant from knowing exactly what claimant claims, what he must prove at the trial, and what must be proved against him. Acquisition and use are incidents of ownership.

The last question is in regard to the return of the liquor to claimant. This is not a motion as such for the return of the liquor, but is to be a result of the proposed dismissal of the libel. There is a difference between a motion for judgment on the pleadings and a possessory motion or petition for the return of the res. The proceeding before Judge Moscowitz, already referred to, was the proper way to try out this question in advance of a trial. Here there can be no return of the res by me prior to the trial already found necessary.

As Judge Moscowitz gave leave to renew the motion, and has taken testimony, and is familiar with the facts, the reasonable thing would seem to be for claimant to renew the motion before him, if this relief is sought in advance of the trial.

On the other hand, if the government decides, after careful consideration of its case, that this liquor, consisting of some 2,000 quarts of champagne, whisky, etc., and over 100 five-gallon cans of pure grain alcohol, was taken from the private residence of Samuel Goldman by an unlawful search and seizure, and will formally admit such facts, then leave is granted the claimant to renew this motion for judgment on the pleadings, upon such admission, rather than further continue an unnecessary case upon the calendar of the court.

Upon the dismissal of the libel the question of the return of the liquor under such circumstances would present itself. By aid of the excellent briefs of both counsel, and such investigation as I could make, it would seem to me, with due allowance for various conflicting decisions, that the present rule, in this circuit at least, is that if there was a lawful seizure of liquor and there remains a presumption, by statute, of its unlawful use by reason of the place where it was so possessed, the res will be forfeited, unless the claimant succeeds by proving, by a fair preponderance of evidence, that the liquor was in fact lawfully acquired, possessed, and used by him. National Prohibition Act, title 2, §§ 25–33, 27 USCA §§ 39, 40, 44–50. That if there was an unlawful seizure of the liquor, and yet the same presumption arises, the same result will follow as to the right to repossess the res. Gallagher v. U. S. (C. C. A.) 6 F.(2d) 758; Potter v. Geraghty, 273 U. S. 733, 47 S. Ct. 235, 71 L. Ed. 885. That if there was a lawful seizure of liquor, and yet there is present no such statutory presumption of unlawful use, the burden of proof as to the right to the res is still upon a claimant and must be borne before the possession of same can be restored to him. Carozza v. U. S. (C. C. A.) 284 F. 842.

What has been termed a "hopeless conflict" among the cases relates to the following: That if there was an unlawful seizure of liquor from a private dwelling, and there is therefore present no statutory presumption of unlawful use, then the claimant is entitled to have the liquor restored to the place from which it was unlawfully taken, without further proof on his part. Against this view are cases such as Voorhies v. U. S. (C. C. A. 5) 299 F. 275, and cases cited in the opinion. In favor of this view there seems to me to be such cases as In re Brenner (C. C. A. 2) 6 F.(2d) 425; In re Shoemaker (D. C.) 9 F.(2d) 170; Dickhart v. U. S., 57 App. D. C. 5, 16 F.(2d) 345; Castro v. U.

S. (C. C. A.) 23 F.(2d) 263; Fabri v. U. S. (C. C. A.) 24 F.(2d) 185; Connelly v. U. S. (D. C.) 275 F. 509; U. S. v. Descy (D. C.) 284 F. 724; U. S. v. Vigneaux (D. C.) 288 F. 977; U. S. v. A Quantity of Intoxicating Liquors (D. C.) 289 F. 278; unreported decision of Judge Thacher, U. S. v. Lot of Wine; decision of Judge Hazel, In re Oryell (D. C.) 28 F.(2d) 639.

While I do not decide, yet it seems to me there could be no inference of unlawful use arising from the mere quantity of liquor or the length of time that has elapsed since the National Prohibition Act took effect. Certainly no such inference would arise from its mere presence in a private dwelling. It is unnecessary to go into the various arguments and reasons advanced in the foregoing opinions. I simply state that it seems to me that if this libel should be dismissed because of the concession of the government above mentioned, therefore there would be no action pending and the liquor should be returned to the place from whence it had been taken.

If, however, such concession is not made and an action is thus pending and a possessory motion is made, then the burden of proving that the res was lawfully acquired, possessed, and used rests upon claimant.

Motion denied, with leave to renew as indicated, and without prejudice to a renewal of the possessory motion before Judge Moscowitz or any other judge holding motion calendar term.