## UNITED STATES v. A QUANTITY OF CONTRABAND LIQUOR AND MISCELLANEOUS ARTICLES (Sol ZARKIN, Claimant).
### No. 3811.

District Court, W. D. Pennsylvania.
March 6, 1930.

Louis E. Graham, of Pittsburgh, Pa., for the United States.

John S. Pyle, of Pittsburgh, Pa., for petitioner-respondent.

McVICAR, District Judge.

This is a proceeding by the United States, under section 25, title 2, of the National Prohibition Act (27 USCA § 39), to condemn and destroy intoxicating liquor.

The government alleges in its libel that it is in possession of the intoxicating liquor described in the libel; that it was seized by federal prohibition agents April 23, 1927, from Sol Zarkin et al., at a saloon and cutting plant located at Nos. 1206 and 1208 Fifth avenue, Pittsburgh, Pa.; that the goods seized are contraband, and the prayer is that an order be made condemning, forfeiting, and directing that the same be destroyed. Sol Zarkin filed an answer thereto, wherein he alleged that he was the owner of the goods seized; that a part of the liquor seized was seized from his private dwelling house at No. 1206 Fifth avenue; that the seizure made therein was without a search warrant, and therefore was unlawful. The answer contained a prayer that the libel be dismissed and the liquor seized in his dwelling house be returned to him.

The evidence establishes that federal prohibition agents, on April 23, 1927, seized the intoxicating liquor described in the libel at Nos. 1206 and 1208 Fifth avenue, Pittsburgh, Pa.; that No. 1206 Fifth avenue is the private residence of Sol Zarkin; that Zarkin was arrested away from his private dwelling; that the agents had a search warrant to seize intoxicating liquor at No. 1208 Fifth avenue. There was no evidence as to what portion of the liquor seized was located at No. 1208 Fifth avenue, or as to what portion was located at No. 1206 Fifth avenue. The liquor seized is now in the possession of the government.

The government contends that the seizure at No. 1208 Fifth avenue was lawful under the search warrant, and also that the seizure at No. 1206 Fifth avenue was lawful, as being incidental to the arrest of Zarkin made at the time of the seizure. Zarkin contends that the seizure from his private residence

was illegal, and that the court should order the liquor seized from his private dwelling returned to him.

The purpose of the Eighteenth Amendment and the National Prohibition Act (27 USCA) is to protect public life and health by prohibiting the use of intoxicating liquor as a beverage. Under section 3, title 2, of the National Prohibition Act (27 USCA § 12), it is expressly stated: "This Act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." Congress has express power to enact such legislation as may be necessary and proper to make the Eighteenth Amendment effective. The second section of the Eighteenth Amendment provides that "Congress * ‾ ‡ shall have concurrent power to enforce this article by appropriate legislation." The last paragraph of section 8, article 1, of the Constitution, confers on Congress power "to make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

In Lambert v. Yellowley et al., 272 U. S. 581, 595, 47 S. Ct. 210, 213, 71 L. Ed. 422, 49 A. L. R. 575 (Second Circuit), the Supreme Court said:

"The power of the federal government, granted by the Eighteenth Amendment, to enforce the prohibition of the manufacture, sale and transportation of intoxicating liquor carries with it power to enact any legislative measures reasonably adapted to promote the purpose."

See, also, Carnahan v. United States, 35 F.(2d) 96, 98, 67 A. L. R. 1035 (8th Circuit).

The National Prohibition Act makes it unlawful for any person to possess intoxicating liquor except as authorized therein; section 3, title 2 (27 USCA § 12), thereof reads:

"No person shall on or after the date when the eighteenth amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act."

The exceptions which provide where and how intoxicating liquor may be lawfully possessed are, under a permit from the United States, or for medicinal purposes under a doctor's prescription, or by a hospital for the treatment of persons suffering from alcoholism, as provided by section 6 of title 2 of the said act (27 USCA § 16); also liquors may be possessed in one's private dwelling house for the use of the possessor, his family and his bona fide guests when entertained by him, as provided in section 33 of title 2 of the act (27 USCA § 50). This exception, however, applies only to liquor obtained before the act went into effect. The Supreme Court, in the case of Cunard Steamship Co. v. Mellon, 262 U. S. 100, 127, 43 S. Ct. 504, 508, 67 L. Ed. 894, 27 A. L. R. 1306, said:

"The only instance in which the possession of intoxicating liquor for beverage purposes is recognized as lawful is where the liquor was obtained before the act went into effect and is kept in the owner's dwelling for use therein by him, his family, and his bona fide guests."

See, also, Street v. Lincoln Safe Deposit Co. et al., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, and In re Baldi (D. C.) 33 F.(2d) 973.

The provision in section 3 of title 2 of the National Prohibition Act (27 USCA § 12) is a constitutional exercise of power by Congress. U. S. v. Murphy (D. C. N. Y. 1920) 264 F. 842; Rose v. U. S. (C. C. A. Ohio, 1921) 274 F. 245, certiorari denied (1921) 257 U. S. 655, 42 S. Ct. 97, 66 L. Ed. 419; Page v. U. S. (C. C. A. Cal. 1922) 278 F. 41, certiorari denied (1922) 258 U. S. 627, 42 S. Ct. 461, 66 L. Ed. 799; Massey v. U. S. (C. C. A. Ark. 1922) 281 F. 293; Keen v. U. S. (C. C. A. Mo. 1926) 11 F.(2d) 260. This provision relating to the offense of possession has been before the Supreme Court a number of times, and its constitutionality does not seem to have been questioned. See Cunard Steamship Co. v. Mellon, 262 U. S. 100, 127, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306, and Street v. Lincoln Safe Deposit Co. et al., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548.

In any action concerning intoxicating liquor including that possessed in a private dwelling, the burden is on the possessor to prove that the liquor possessed was lawfully acquired, possessed, and used. In section 33, title 2 (27 USCA § 50), it is stated:

"And the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

In Filippelli v. United States, 6 F.(2d) 121, 125 (9th Circuit), the court said:

"The request to charge the jury that it was not unlawful for the plaintiff in error to

possess intoxicating liquor in his private residence, while occupied by him as his private dwelling only, provided such liquor was for the use of the plaintiff in error, his family, and bona fide guests, was properly refused, because the request assumed that liquor unlawfully manufactured or acquired might be lawfully possessed, and such is not the law. True, a party may still possess intoxicating liquor for beverage purposes, notwithstanding the National Prohibition Act; but the law imposes upon him the burden of proving the legality of his possession, and no such showing was made here."

In Myers et al. v. United States, 18 F. (2d) 529, 530 (8th Circuit), the court said:

"This section affords no protection for the possession of liquor unlawfully acquired, whether in a private dwelling or elsewhere, and whether intended for personal use or otherwise, and the burden is thrown upon the possessor to prove that the liquor was lawfully acquired. Filippelli v. United States (C. C. A. 9) 6 F.(2d) 121. In this case it was admitted that the alcohol had been purchased and delivered that same evening, and was therefore unlawfully acquired."

In Herter v. United States, 33 F.(2d) 402, 65 A. L. R. 1240 (9th Circuit), and in Voorhies v. United States, 299 F. 275 (5th Circuit), similar rulings were made where possession was in a private dwelling. See, also, United States v. One Quart Bottle of Alleged Whiskey (D. C.) 29 F.(2d) 929, 931.

■ Congress has power to place the burden of proof upon the possessor. In Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, which was a proceeding under the Narcotic Act of February 9, 1909, as amended by Act 1914, 38 Stat. 375, in speaking of the provisions of the act under consideration, the Supreme Court said (page 182 of 268 U. S., 45 S. Ct. 470, 471):

"Section 2 provides, among other things, that if any person shall conceal or facilitate the concealment of such opium, etc., after importation, knowing the same to have been imported contrary to law, the offender shall be subject to fine or imprisonment or both. It further provides that whenever the defendant on trial is shown to have, or to have had, possession of such opium, etc., 'such possession shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury.' Section 3 provides that on and after July 1, 1913: 'All smoking opium or opium prepared for smoking found within the United States shall be presumed to have been imported after the first day of April, nineteen hundred and nine, and the burden of proof shall be on the claimant or the accused to rebut such presumption.'"

And as to the power of Congress to create such presumption, the court said (page 184 of 268 U. S., 45 S. Ct. 470, 471):

"We think it is not an illogical inference that opium, found in this country more than 4 years (in the present case, more than 14 years) after its importation had been prohibited, was unlawfully imported. Nor do we think the further provision, that possession of such opium in the absence of a satisfactory explanation shall create a presumption of guilt, is 'so unreasonable as to be a purely arbitrary mandate.' By universal sentiment, and settled policy as evidenced by state and local legislation for more than half a century, opium is an illegitimate commodity, the use of which, except as a medicinal agent, is rigidly condemned. Legitimate possession, unless for medicinal use, is so highly improbable that to say to any person who obtains the outlawed commodity, 'since you are bound to know that it cannot be brought into this country at all, except under regulation for medicinal use, you must at your peril ascertain and be prepared to show the facts and circumstances which rebut, or tend to rebut, the natural inference of unlawful importation, or your knowledge of it,' is not such an unreasonable requirement as to cause it to fall outside the constitutional power of Congress."

No evidence was offered by respondent in this case to sustain the burden of proof resting upon him.

■ The possession of intoxicating liquor after February 1, 1920, in a private dwelling house is presumptively an illegal possession. Section 33, title 2 (41 Stat. 317, 27 USCA § 50), provides:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title."

There being no evidence that respondent had possession under a permit, or under a doctor's prescription, or that the liquor seized was acquired by him prior to the passage of the National Prohibition Act, and that it was possessed by him in his dwelling house for the use of himself, his family and guests (being the instances when liquor may be law-

fully possessed), there is a presumption of illegal possession.

In Herter v. United States, 33 F.(2d) 402, 406, 65 A. L. R. 1240 (9th Circuit), the court, in passing upon instructions given to the jury by the District Court, said:

"The instructions given were to the effect that, even though the liquors were in his home, the possession was prima facie illegal, and that the burden was upon him to prove that they were acquired, possessed, and used within the permission of the law. National Prohibition Act, § 33, title 2 (41 Stat. 317, 27 USCA § 50). The requests refused either ignored or by implication challenged the propriety of this rule. We think it was applicable. Panzich v. United States (C. C. A. 9th) 285 F. 871; Filippelli v. United States (C. C. A. 9th) 6 F.(2d) 121; Barker v. United States (C. C. A.) 289 F. 249; Singleton v. United States (C. C. A.) 290 F. 130. True, the court in effect advised the jury that possession in the home would be illegal unless the liquor was owned at the time the law went into effect. Technically and as an abstract proposition, the instruction may be too broad as not excepting a case where liquor is procured by a prescription or under other special circumstances; but defendant could not possibly have been prejudiced. If the presumption of illegality from possession prevails until overcome by proofs of lawful acquisition and use, defendant made out no defense, and the instruction was manifestly intended to meet the argument, and the only argument, offered on his behalf to the jury, namely, that they should acquit because the government had not shown a sale or intended sale."

■ Where the seizure is illegal, and remains illegal up to and including the time of the filing of the libel, the court is without power to condemn and order the destruction of the liquor or property so seized.

In Daeufer-Lieberman Brewing Co. v. United States, 8 F.(2d) 1, 3 (3rd Circuit), the court, speaking by Circuit Judge Woolley, said:

"Proceedings by libel, like those in question, are proceedings in rem. As early as the case of The Brig Ann, 9 Cranch, 289, 3 L. Ed. 734, the Supreme Court, speaking through Mr. Justice Story, held that, 'in order to institute and perfect proceedings in rem, it is necessary that the thing should be actually or constructively within the reach of the court. * * * It follows * * * that, before judicial cognizance can attach upon a forfeiture in rem, under the statute, there must be a seizure; for until seizure, it is impossible to ascertain what is the competent forum. And, if so, it must be a good subsisting seizure at the time when the libel or information is filed and allowed.' Therefore, 'where property is seized and libeled, as forfeited to the government,' the same court said, in Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, 'the sole object of the suit is to ascertain whether the seizure be rightful, and the forfeiture incurred or not.' See Dobbins Distillery v. United States, 96 U. S. 395, 396, 24 L. Ed. 637. * * *

"As it appears on the record of this case that the seizure of the respondent's property was unlawful, it follows that the government's possession was unlawful, and that its unlawful possession of the property cannot validly sustain a proceeding instituted for its forfeiture and destruction."

In disposing of a petition for rehearing, the court, in a per curiam opinion, said:

"Possession of the res as affecting the jurisdiction of the court in the libel proceeding was the possession which the government had when it filed the libel. Concededly, that possession was unlawful. Yet the government, by the libel, sought the forfeiture of property it had unlawfully seized and then unlawfully held. The point in our decision is, under authority of The Brig Ann, Gelston v. Hoyt, and Dobbins Distillery v. United States, supra, that cannot be done."

See, also, Castro v. United States, 23 F. (2d) 263 (1st Circuit); United States v. A Quantity of Intoxicating Liquors (D. C.) 289 F. 278.

In Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392, city officers seized a boat and its cargo of contraband liquor; they also arrested the man in charge of the boat; he was subsequently arrested by federal prohibition agents, and convicted of unlawful transportation under title 2, section 26 (27 USCA § 40); the boat was also subsequently turned over to the prohibition agents; the city officers were without power to make the arrest or the seizure aforesaid. The Supreme Court said (page 532 of 272 U. S., 47 S. Ct. 191):

"The Circuit Court of Appeals relied on the often quoted language of Mr. Justice Story in The Caledonian, 4 Wheat. 100, 4 L. Ed. 523, to the effect that anyone may seize any property for a forfeiture to the Government, and that if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is of no less validity than when the seizure is by authority originally

given. The statement is repeated by the same judge in Wood v. United States, 16 Pet. 342, 359, 10 L. Ed. 987, and Taylor v. United States, 3 How. 197, 11 L. Ed. 559. See also Gelston v. Hoyt, 3 Wheat. 246, 310, 4 L. Ed. 381. The owner of the property suffers nothing that he would not have suffered if the seizure had been authorized. However effected it brings the object within the power of the Court, which is an end that the law seeks to attain, and justice to the owner is as safe in the one case as in the other. The jurisdiction of the Court was secured by the fact that the res was in the possession of the prohibition director when the libel was filed. The Richmond, 9 Cranch, 102, 3 L. Ed. 670. The Merino, 9 Wheat. 391, 403, 6 L. Ed. 118. The Underwriter (C. C. A.) 13 F.(2d) 433, 434."

In the report of the same case in the Circuit Court of Appeals (1st Circuit) 11 F.(2d) 522, it is stated:

"It is conceded that the circumstances attending the seizure would have rendered it lawful, had it been made by federal officers, and we are of the opinion that it is equally so, the United States having adopted the acts of the police officers in making the seizure."

In United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 155, 71 L. Ed. 279, 47 A. L. R. 1025, a seizure was made of an automobile unlawfully transporting intoxicating liquors which did not contain the requisite revenue stamps. A libel was filed by the government for forfeiture under section 3450 Rev. St. (26 USCA § 1181). It was admitted that the prohibition officer had no authority to make the seizure under the section aforesaid. The Supreme Court, speaking by Mr. Justice Brandeis, said:

"It is settled that, where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized."

In Geraghty v. Potter, 5 F.(2d) 366, the District Court of Massachusetts ordered intoxicating liquor returned to the possessor or owner, which had been illegally seized. On appeal to the United States Supreme Court, 273 U. S. 773, 47 S. Ct. 235, 71 L. Ed. 885, a memorandum opinion and order was made as follows:

"Remanded to the District Court of the United States for the District of Massachusetts, per stipulation of counsel, with direc-

tions to that court to vacate its judgment and to enter an order providing for the destruction of the liquors forthwith, and mandate granted, on motion of Mr. Solicitor General Mitchell for the appellant."

See United States v. One Quart Bottle of Alleged Whisky (D. C.) 29 F.(2d) 929.

■■ The seizure in this case by federal prohibition agents in a private dwelling without a search warrant, and not being incidental to an arrest, was illegal. It remains illegal until the present time; therefore the government cannot ratify or adopt a seizure which in its inception was illegal and which has since remained illegal.

■ The government has failed to show what liquor was seized at No. 1208 Fifth avenue, where it is admitted the seizure was legal. It having failed to meet the burden resting upon it, the court cannot order the condemnation and destruction of any of the liquors seized.

■ Where liquor is illegally seized, and there is a presumption that it was kept in violation of the National Prohibition Act, or where the possessor has failed to meet the burden of proof that such liquor was lawfully acquired, possessed, and used, the court will not order that the liquor be returned to the illegal possessor or owner.

Section 25, title 2 (27 USCA § 39), provides:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in Title XI of public law numbered 24 of the Sixty-fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order."

In Hawker v. Queck, 1 F.(2d) 77, 81 (3d Circuit), in an opinion by District Judge Witmer, it is stated:

"On the other hand, it is equally clear that no property rights exist in intoxicating liquor fit for beverage purposes acquired subsequent to the effective date of such act. Section 25, title 2, of the National Prohibi-

tion Act (Comp. St. Ann. Supp. 1923, § 10138½m); Rose v. United States (C. C. A.) 274 F. 245–252; United States v. Rykowski (D. C.) 267 F. 866; United States v. Kozman (D. C.) 267 F. 866.   ⊢  ⸪  ⁂

"In the Rykowski and Kozman Cases the court held that, while the searches· and seizures were not of such a nature as the law provided, under the Silverthorne Lumber Company Case [251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426], the government was not able to avail itself of the information derived from its agents' unwarranted action. However, it was ordered that in neither of the cases should any of the illicit mash or liquors taken be returned, since the same were pronounced as contraband. In United States v. O'Dowd (D. C.) 273 F. 600, Judge Westenhaver puts the matter pointedly saying that the property seized in this case (being liquor illegally acquired) is ·like stolen property. No title to or property in it can exist in the defendant.'

"Under the above provisions of the act no property right shall at present exist in liquors, unless the same were lawfully acquired and so used. No man can have any right of property in contraband liquor. As soon as it comes into existence it is forfeited. Elrod v. Moss (C. C. A.) 278 F. 123–129; United States v. Alexander (D. C.) 278 F. 308; Hall v. United States (C. C. A.) 267 F. 795."

In Voorhies v. United States, 299 F. 275, 277 (5th Circuit), it is stated:

"The Fourth Amendment protects against unreasonable search and seizure, but it does not, in our opinion, concern itself with the title to property, or go to the extent of requiring the return of liquor which is by law made subject, prima facie, to forfeiture and destruction, and in which no private right of property is shown."

In United States v. One Quart Bottle of Alleged Whisky, 29 F.(2d) 929, 931, District Judge Inch, for the Eastern District of New York, said:

"It would seem to me, with due allowance for various conflicting decisions, that the present rule, in this circuit at least, is that if there was a lawful seizure of liquor and there remains a presumption, by statute, of its unlawful use by reason of the place where it was so possessed, the res will be forfeited, unless the claimant succeeds by proving, by a fair preponderance of evidence, that the liquor was in fact lawfully acquired, possessed, and used by him. National Prohibition Act, title 2, §§ 25–33, 27 USCA §§ 39, 40, 44–50. That if there was an unlawful seizure of the liquor, and yet the same presumption arises, the same result will follow as to the right to repossess the res. Gallagher v. U. S. (C. C. A.) 6 F.(2d) 758; Potter v. Geraghty, 273 U. S. 733, 47 S. Ct. 235, 71 L. Ed. 885. That if there was a lawful seizure of liquor, and yet there is present no such statutory presumption of unlawful use, the burden of proof as to the right to the res is still upon a claimant and must be borne before the possession of same can be restored to him. Carozza v. U. S. (C. C. A.) 284 F. 842."

Transaction for purchase and sale of intoxicating liquor between a purchaser having no permit to buy and a seller having no permit to sell, in violation of this section, held invalid, and could not support civil action by purchaser to recover payment on liquor for seller's fraud, but law will leave parties where they place themselves while engaged· in illicit traffic. Tench v. Lawson (1929) 225 App. Div. 198, 232 N. Y. S. 449.

Purchaser of whisky for shipment to another country held to have no property right entitling him to damages for its disappearance from defendant's warehouse. Gonch v. Republic Storage Co. (1927) 245 N. Y. 272, 157 N. E. 136, reversing (1926) 218 App. Div. 584, 219 N. Y. S. 46, certiorari denied 275 U. S. 567, 48 S. Ct. 140, 72 L. Ed. 430. See, also, 29 A. L. R. 1058; 23 Ruling Case Law, 1309; Three Star Food Products Corporation v. Simon Ofsa, 94 W. Va. 636, 119 S. E. 859, 29 A. L. R. 1053; Langton v. Hughes, 105 Eng. Reprint, p. 222.

There is a difference, under the Fourth Amendment, between a seizure of private books and papers for use as evidence and the seizure of contraband goods. In Boyd v. United States, 116 U. S. 616, 623, 6 S. ·Ct. 524, 528, 29 L. Ed. 746, it is stated:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers ·for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto coelo. In the one case, the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries

past; and the like seizures have been authorized by our own revenue acts from the commencement of the government."

This case has been cited with approval in Carroll v. United States, 267 U. S. 132, 149, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, and in United States v. Lindsly (D. C.) 7 F. (2d) 247, 250.

Respondent having failed to meet the burden resting upon him to prove that he lawfully acquired, possessed, and used the liquor seized, also there being a presumption that said liquor was kept for the purpose of being disposed of in violation of the act, he is not entitled to an order that the liquor be returned. It might also be added that he has failed to show what liquor was seized in his dwelling house.

■ A statute should be construed, if possible, so as not to require the court to make an order which would aid or abet in the commission of a crime.

If the liquor seized was returned to respondent, his possession thereof would be a crime under the National Prohibition Act. In Hawaii v. Mankichi, 190 U. S. 197, 214, 23 S. Ct. 787, 789, 47 L. Ed. 1016, it is stated:

"Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion."

In Bird v. United States, 187 U. S. 118, 124, 23 S. Ct. 42, 44, 47 L. Ed. 100, it is stated:

"There is a presumption against a construction which would render a statute ineffective or inefficient, or which would cause grave public injury or even inconvenience."

Our attention is called to Applybe v. United States, 32 F.(2d) 873 (9th Circuit), wherein it was held that an independent summary proceeding for the return of petitioner's property seized for use as evidence can be maintained only where the property has been seized under a search warrant, or other judicial process, or is in custody or control of a court officer. The ruling in that case does not apply to the present case, for the reason that in this case the government filed a libel for condemnation. An answer thereto was filed by the respondent which contained a counterclaim or petition. This proceeding is therefore not an independent summary proceeding, such as was referred to in the case aforesaid.

For the reasons given, the libel of the government is dismissed, and the petition contained in the answer of the respondent, that the property described in the petition be returned to him, is refused.